## CLEMENTS, HALL, GINDRAT AND STEELE vs THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT MONTGOMERY.

1. To sustain a judgment by default on a motion by a bank, under the statute ; the *liability* of the defendant must be shown by the judgment entry, as well as the notice and certificate which authorized the Court to exercise the summary jurisdiction.
2. A form given, illustrating the rules laid down in the case of Curry vs. The Bank of Mobile. [8 Porter 360.]

Writ of error to the County Court of Montgomery County.

Motion for judgment. The notice was issued on the 10th April, 1838 ; it described a bill of exchange, on which the motion is predicated, but omits to set out the endorsement ; the judgment was rendered at the proper term by default, and recites that thirty days notice was given to the defendants of the motion ; that the certificate of the President of the said Bank, that the " debt sued on" was *bona fide* the property of said bank, and protest were shown to the Court.

DARGAN for the plaintiffs in error, cited Curry v. The Bank of Mobile. [8 Porter 360.]

No counsel appeared for the bank.

GOLDTHWAITE, J.—This case is so entirely within the influence of many, and often repeated decisions of this Court, that an opinion would only be the reiteration of the rules laid down in the case of Curry vs. The Bank of Mobile. [8 Porter 360.]

In order, however, that future errors may be avoided, we now give the form of a judgment entry, which we consider as applicable to this particular case, and as illustrating the rules applicable to summary judgments on motion by the several banks of this State.

Clements, et al. v. The Branch Bank at Montgomery.

We do not intend to be understood as deciding that no other judgment entry will be considered as sufficient, but confine ourselves to the declaration, that if the record of this case contained the recitals which are given in the annexed form, the plaintiffs would have avoided the costs of a reversal.

It will be borne in mind that the act of 1837, [pp. 9.] authorizes a joint judgment against all the parties liable on any bill or note to the State Bank or any of its branches, and this judgment seems to have been intended to conform to that act. When several judgments are to be entered against the different parties to a bill or note, a very slight alteration will suffer to make the form given applicable to cases of that description.

It is hoped that this form will enable the attornies for the banks and the clerks of the several courts, so to frame their entries hereafter, as to avoid the expense and delay which has been caused by a misconception of, or a want of attention to, the decision before adverted to.

Let the judgment be reversed and the cause remanded.

### FORM.

This day came the Branch of the Bank of the State of Alabama at Montgomery, by its attorney, and moved the Court now here, for judgment against Anderson L. Clements and William Hall partners, under the name of Clements & Hall; and against John H. Gindrat and William A. Steele, partners, under the name of Gindrat & Steele, as endorsers of a certain bill of exchange, for the sum of fourteen hundred dollars, drawn by Seth Robinson on Lee & Morton, Montgomery, Alabama, and by them accepted : dated, Montgomery, 1st December, 1838 : payable sixty days after date, to the order of the said Clements & Hall, and negotiable and payable at the Bank of Mobile. Which bill of exchange is endorsed by the said Clements & Hall to the said Gindrat & Steele, and by them to the Branch of the Bank of the State of Alabama, at Montgomery : —was at its maturity presented at the Bank of Mobile for payment, which was refused, and the said bill was then and

there protested for nonpayment ; of which the said endorsers then and there had notice. And the said Branch of the Bank of the State of Alabama, at Montgomery, here produces and shows the certificate of John Martin its president, that the said debt is really and *bona fide* the property of the said Branch of the Bank of the State of Alabama, at Montgomery. And it ap] pearing to the satisfaction of the Court that thirty days notice of this motion has been given to the said Anderson L. Clements and William Hall, and John H. Gindrat and William A. Steele, and they saying nothing in bar or preclusion of the same ; it is therefore considered, &c.