ORR v. DUVALL *et al.*

1. In summary proceedings, under the act of 1826, [Aikins' Digest, 174, § 76] against the securities of a sheriff, the sheriff is a necessary party; and unless the notice is given to him, no judgment on motion, can be had against the securities.

Writ of error to the Circuit Court of Walker County.

MOTION for judgment against the defendants, as the securities of Hudson, late sheriff of Walker county, for the amount of an execution collected by the sheriff, and not paid to the plaintiff. The notice alleges, that diligent search had been made to find the sheriff, in order to demand payment of the sum collected by him, but he could not be found; and the plaintiff then avers his readiness to prove that the sheriff has fled from the country.

The defendants demurred to the statement made by the plaintiff, and the Circuit Court gave judgment sustaining the demurrer. This judgment is assigned as error, and the only question made, is, whether the plaintiff can have a summary judgment against the securities of a sheriff when the principal is not a party.

RICE, for defendant in error.

GOLDTHWAITE, J.—The proceedings in this case are commenced under the 1st section of the act of 1826, [Aikin's Dig. 174, § 75] but cannot be supported, because the sheriff himself is not a party, or served with notice. The act provides that notice shall be given to the sheriff, and judgment may then be rendered against the sheriff and his security, or any, or either of them. The fact, that the sheriff has fled from the State, and beyond the reach of process, will not authorise the Court to proceed in a summary way against his securities. It is possible

Orr v. Duvall *et al.*

that the plaintiff has no other remedy than a suit on the bond, under the circumstances disclosed, in which the averment, that the sheriff has fled, may be a sufficient reason to excuse the omission of a special demand for the money collected.  We are not, however, authorized to extend the statute by construction, to cover a case evidently not within its provisions.

It has never been supposed, that the securities would be liable for the penalty given by the statute, in the event of the sheriff's death, before demand and notice of the motion; nor can we perceive any reason, why they should be charged with it, in a case where he has absconded.  Both cases are alike without the statute; and however just it may be, that the securities shall be held responsible for the acts of their principal, in all cases whatever, it is plain that they can be liable to penalties, only in the manner prescribed by law.

Let the judgment be affirmed.