WILLIAMSON & DANIEL v. THE BRANCH BANK AT MONT-
GOMERY.

1. Under the act of 1841, " the more. effectually to enforce the performance of the duties of sheriffs," it is not necessary, in a motion against the sureties of the sheriff, to show that the sheriff has been notified of the intended motion.
2. A judgment is never arrested for extrinsic matter, not appearing on the record itself.

Error to the County Court of Montgomery.

THIS was a judgment rendered on motion against the plaintiffs in error, as the sureties of J. M. Hill, sheriff of Wilcox county.

The judgment entry recites, that on the 3d November, 1841, the Bank, by its attorney, moved the Court for judgment against the plaintiffs in error as sureties for J. M. Hill, late sheriff, &c. for his failure to pay over the amount of an execution which is particularly described; and it appearing to the satisfaction of the Court, that the defendants have had one day's notice of this motion, thereupon came a jury, &c.

The record further recites that the jury find that the execution came to the sheriff's hands on a day which is named; that on a subsequent day, and while sheriff, he received a certain sum thereon, at which time the defendants were his sureties; that the Bank, by its ageat, on the 4th November, 1841, demanded of Hill, the money so made by him on the execution, and that he refused to pay it over, and from the fact so found, the Court rendered judgment against the plaintiffs in error, for the amount received by the sheriff, with ten dollars for the detention of the money for nineteen days, and the costs of the motion.

At a succeeding day of the term, the plaintiffs in error moved in arrest of the judgment :

1. On the ground that the sheriff is not named in the notice.
2. That no notice has been given to the sheriff of Wilcox county.
3. Because the record does not shew that the plaintiff has

complied with all the requisites necessary to render the defendants liable.

The Court overruled the motion, but at the instance of the defendants counsel sealed a bill of exceptions, from which it appears that the counsel for the defendants below applied, on the trial of the motion in arrest of judgment, for the notice which had been served on the defendants, to be laid before the Court in order to lay a ground for arresting the judgment, by showing its irregularity or insufficiency; which was opposed by the counsel for the Bank, and sustained by the Court, on the ground that the objection should have been taken on the trial of the motion, and came too late after judgment, to which the defendant by his counsel, excepted; and now prosecutes this writ of error.

The assignments of error are,

1. The Court erred in overruling the motion in arrest of judgment.

2. It does not appear that any notice was issued to Hill, late sheriff of Wilcox, or that any notice was executed on him.

3. The record does not shew that the money was demanded of Hill before the notice issued.

4. The record does not shew that there was any notice shewing who was the sheriff of Wilcox at the time the money was received.

5. It does not appear that the plaintiff had notice, under which act of the Legislature for failing to pay over money, the plaintiff below intended to proceed.

6. The record does not shew that the plaintiff below would proceed for damages, as well as the amount collected, and interest.

7. The record does not shew that the plaintiff below complied with all the requisites necessary to render defendants liable.

8. The Court erred as shewn by the bill of exceptions.

WILLIAMS & SAFFOLD, for plaintiffs in error—cited, 1 Ala. Rep. N. S. 262; 6 Porter, 64; 5 ib. 545; Aik. Dig. 164, 174; 2 Stew. and Porter, 109; 8 Porter, 101, 372.

ELMORE, contra—cited, 1 Stewart 442; 8 Porter 99, 372; 1

32

Ala. Rep. N. S. 543; 2 ib. 164; Pamphlet Acts, 9 January, 1841, to be found in Meek's Dig. 346.

ORMOND, J.—It has been repeatedly held, that in cases of this summary character, the notice is no part of the record, unless made so, by reference to it in the judgment of the Court, or embodied in the record by bill of exceptions. The notice, when produced to the Court, is evidence merely, and all that is necessary, is that the judgment should show that such evidence was produced. That this is the law, is conclusively shewn, by the cases cited by the defendants counsel. This is a sufficient answer to all the assignments of error which question the sufficiency of the notice.

It is however objected, that the record does not show that notice was served on the sheriff, or that a notice issued to him. The act of 9th January, 1841, in substance declares, that when a notice shall issue against any sheriff and his sureties in office, judgment shall be recovered of such of the parties as have been served with notice. Previous to the passage of this law, no judgment could be obtained against a surety, by motion in this class of cases until the principal was notified. Orr v. Duval, 1 Ala. Rep. 262. This act has changed the law, so as to authorise a judgment against "such of the parties as service is effected on." There was then no necessity to give the sheriff notice, and even if it were conceded that since the passage of the act of 1841, a notice must still issue against the sheriff, a point not necessary now to be decided, it was not necessary that such notice should appear by the record.

The record shows that a motion was made for judgment against the plaintiffs in error, as the sureties of Hill, the sheriff of Wilcox, for the failure of Hill to pay over a sum of money collected by him on an execution; the execution, its amount, time of reception of and making the money, being all particularly described, and it appearing to the satisfaction of the Court, that said defendants have had one day's notice of this motion; thereupon came a jury, &c. It is very clear, that this shows that the plaintiffs in error, were notified: was it necessary that the judgment of the Court should shew that a notice had issued to the sheriff. We are of opinion that it was not. It was only necessary for the record to show, that those against whom the

motion was made, had received notice of the intended motion, and if in the opinion of the defendants, it did not authorise a judgment, they should have appeared and contested it.   Nothing more need be shown than was necessary to give the Court jurisdiction, and as no notice had been served on the sheriff, the Court had no jurisdiction to render a judgment against him.

After the judgment was rendered, it appears the defendants appeared, and on a motion in arrest of judgment, desired to introduce the notice, and by showing its insufficiency, arrest the judgment.   The Court very properly refused to permit this to be done.   A motion in arrest of judgment must be for matter appearing of record.   A judgment is never reversed for extrinsic matter not appearing on the record itself. Tisdd's Practice, 825.   There is less reason for looking beyond the record, in these summary judgments than in ordinary cases, because here nothing is presumed, but every thing necessary to give the Court the summary jurisdiction must appear.

We are of opinion, that the recital in the judgment of the notice is sufficient, and that the facts found by the jury authorised the rendition of judgment against the plaintiffs in error.

The judgment of the Court below is therefore affirmed.

