## BONDURANT, ET ALS. v. THE BANK OF THE STATE OF ALABAMA.

1. The intention of the legislature, in the passage of the act of the 9th January, 1841, was to give the summary remedy by motion against the sureties of a sheriff, or any of them upon whom service of notice was effected, in all cases where they were liable in this summary mode for the default of the sheriff, without notice to the sheriff, in the same manner as if he was notified.

2. The sureties of a sheriff may be proceeded against upon a suggestion that the sheriff has made a false return, without notice to him, they having received notice that the suggestion would be made.

ERROR to the Circuit Court of Tuscaloosa.

This was a proceeding against the sheriff of Marengo, and his sureties, suggesting that the sheriff had made a false return upon an execution issued in favor of the Bank. A notice issued and was served on several of the sureties, but not upon the sheriff. The sureties upon whom notice was served, appeared by their counsel, and the court was requested by the counsel for the Bank to cause an issue to be made up to try the falsity of the return, but refused on the ground that the sheriff had not been notified of the intended suggestion, and on motion of the defendants' counsel, and upon the refusal of the counsel for the Bank to take steps to notify the sheriff, quashed the suggestion, and rendered a judgment for costs against the Bank, from which this writ is prosecuted.

The error assigned, is the judgment of the Court quashing the suggestion.

PORTER, for plaintiff in error.
PECK & CLARKE, contra.

ORMOND, J.—In the case of Williamson & Daniel v. The Branch Bank at Montgomery, [2 Ala. Rep. 504,] we held, that under the act of 9th January, 1841, a judgment could be obtained, by motion, against the sureties of a sheriff for failing to pay over money which he had collected, on notice to them, although

no notice had issued to the sheriff. It is now insisted, that the act of 1841 does not reach the case of a false return by the sheriff; that a false return implies fraud, and that such an imputation should not be fixed on the sheriff without his having had notice to appear and contest it.

The language of the act in question is, " that hereafter when a rule or notice shall issue against any late or acting sheriff and his securities in office, in any case now authorized by law, it shall be competent for the plaintiff, in such rule or notice to recover judgment against such of the parties as service may have been effected on, any law, usage or custom to the contrary notwithstanding."

It is impossible to entertain a doubt about the intention of the legislature in the passage of this act ; it was passed to remedy a defect in the existing law which was made apparent by the case of Orr v. Duval, [1 Ala. Rep. 262,] that judgment could not be obtained against the sureties of a sheriff for his default, by motion, until he was notified of the intended motion. The clear and manifest design therefore, was to give this summary remedy against the sureties of a sheriff or any of them, without notice to the sheriff, in all cases where they were liable in this summary mode for the default of the sheriff, *they being notified of the intended motion.*

The statute declaring their liability, [Aik. Dig. 174, § 77,] provides " that whenever any sheriff, &c. shall make any return on an execution, which the plaintiff shall suggest to the court to be a false return, the court shall forthwith cause an issue to be made up to try the falsity of the return ; and if the return be found false, judgment shall be rendered against the said sheriff and his securities, or any or either of them, for the amount of money specified in the execution, together with ten per centum damages, and costs of suit."

Although this statute did not in terms require a notice to be served on the sheriff, yet such was the intention of the legislature, as has been repeatedly held by this court, and unless notice be given, either after the suggestion is made to the court, or previously, that such a suggestion will be made, no judgment could be obtained. This case, therefore, comes within the letter of the act of 1841. The plaintiff, then, had a right to proceed against such of the sureties of the sheriff as were notified of the intended suggestion in the same mode as it could have proceeded

against the sheriff if service of notice had been effected on him. The Court therefore erred in quashing the suggestion, and rendering judgment against the plaintiff; and its judgment must be reversed, and the cause remanded.