## CRAWFORD, ET AL. v. THE STATE BANK

1. A notice by the President and Directors of the Bank of the State of Alabama, with the seal of the corporation, is a sufficient compliance with the charter, which requires the notice to be given by the President of the Bank.

ERROR to the County Court of Tuskaloosa.

Judgment on motion by default in the court below, by the bank, against the plaintiffs in error.

The judgment entry recites, and then afterwards, at the term first aforesaid, came the Bank of the State of Alabama by its attorney, and produced in court here, a note of hand payable to the President and Directors of the Bank of the State of Alabama, in the following words and figures, to wit: Washington county, June 1st 1840: Twelve months after date, we, William Crawford as principal, and P. T. Harris and Samuel Frisbie, as securities, jointly and severally promise to pay the President and Directors of the Bank of the State of Alabama, or order, eight hundred and thirty dollars, negotiable and payable at the said Bank, with interest from the date, at the rate of eight per cent. per annum, for value received.

WM. CRAWFORD,
P. T. HARRIS,
SAMUEL FRISBIE.

And the said attorney having produced the certificate of John Marrast, President of said bank, that the debt due in, and by the above described note, set out and described in said notice and here produced and identified to the court, is really *bona fide* the property of said bank, moved the court for judgment in favor of the President and Directors of the Bank of the State of Alabama, against the said William Crawford and Samuel Frisbie, for the sum of eight hundred and thirty dollars, with interest, at eight per cent. thereon, from the first of June, 1840; and it appearing to the satisfaction of the court, that the said William Crawford and Samuel Frisbie, have had notice of said motion, thirty days before the making of the same, by a notice under the seal of the President and Directors of the said bank; and it also appearing to the satisfaction of the court, that said debt is due and unpaid, and the sum of eight hundred and thirty dollars due thereon. It is therefore considered, &c.

The defendants prosecute this writ, and assign for error,

1. The notice was given by the corporation instead of the President of the bank.

2. It does not appear that the note on which the judgment was founded, was proved to have been executed by the defendants.

3. It does not appear on what day the judgment of the court was rendered.

4. It does not appear that the notice was given that a motion would be made on any particular day.

5. It does not appear from the record that the motion for judgment was made on the day the notice indicated it would be made.

B. F. PORTER, for the Bank.

ORMOND, J.—The first assignment of error is founded on the supposition, that the notice was given by the corporation, instead of having been given by the President of the Bank, as required by the charter. [Aik. Dig. 65, § 51.] The judgment recites that the notice was under the seal of the President and Directors of said Bank," and without intending to intimate that if the notice was required to be given by the corporation, this might not be sufficient, we think it very clear that the notice given in this case, is a compliance with the statute. It may be conceded that if the charter required the notice to be given by A, that one given by B, would not be sufficient; but in this case the notice is given by the President of the bank, and the fact that others joined with him in giving it, will not vitiate it.

All the other assignments of error are answered by the repeated decisions of this court, and especially by the cases of Curry v. The Bank, 8 Porter, 360; Clements and others, v. The Bank, 1 Ala. Rep. 50, and McRae v. Colclough, 2 ib. 74.

In regard to the objection that no day was mentioned in the notice, when the motion would be made, the fact appears to be otherwise from the judgement entry, but if the fact was as supposed, it was held in the case of McRae, previously cited from 2 Ala. Rep. 74, that it was not necessary that the day of the term should be designated on which the motion would be made. To prevent judgments on motion, from being taken improperly, this court adopted a rule, that the clerks of the circuit and county courts should enter all motions for judgments on a separate docket to be kept for that purpose.

There is no error in the judgment, and it is therefore affirmed.