## ALLUMS, ET AL. v. HAWLEY.

1. In a summary proceeding against a sheriff and his sureties, where the judgment is by default, it must appear affirmatively on the record, that the sheriff has had three days notice of the motion, or the Court must refer to the notice as proof of notice to the sheriff; and a notice found in the transcript will not be looked to for the purpose of supplying the defect, although a jury has ascertained that all the facts therein stated are true.

Writ of Error to the County Court of Dale.

MOTION by Hawley against Allums, as sheriff of Dale county, and certain persons as his securities in office, for failing to return a writ of *fi. fa.* issued from the County Court of Dale county, in favor of Hawley, against certain persons named in the motion. The notice of the motion is found in the transcript sent to this Court, directed to Allums, as sheriff, and the other persons as his sureties, and upon it appears indorsed: "Rec'd in office 28th Ju-

ly, 1844. Bertis Byrd, coroner. Executed 2d August, 1844. Bertis Byrd, coroner."

At the term of the Court named in the notice, a judgment was given against Allums, and others, the entry of which recites, that the plaintiff came by attorney, and the defendant came not, but made default. Whereupon came a jury, &c. who upon their oaths say, that they find all the averments in the plaintiff's notice true, and further assess, &c. It then proceeds, " that it appearing to the satisfaction of the Court, that A. Metcalf," and other named persons, " are and were the sureties of said Allums, in his official bond as sheriff, it is considered," &c. rendering judgment for the proper sums, according to the averments of the notice.

Allums and his sureties now prosecute their writ of error, and assign as error—

1. That no notice of the motion appears from the record to have been served on the defendants.

2. The notice found in the record is not a public record, or a writ issued by a competent officer, nor addressed to one; therefore its service is not proved by the mere return of " executed," by an officer.

3. If the notice is considered as part of the record, then it is insufficient, as the sheriff is called to answer a failure to return the execution three days before the return day thereof, when the return day itself is three days before the Court.

4. The record does not disclose with sufficient certainty, that the facts necessary to fix the liability of the defendants below were proved.

5. It does not appear from the entry of judgment, that the sureties of the sheriff were such when the execution came to his hands.

6. The notice does not disclose whether the sheriff is sought to be charged under the act of 1807 or 1819.

J. E. Belser, for the plaintiff in error.
P. T. Sayre, for the defendants.

GOLDTHWAITE, J.—The general rule as to summary judgments is, that every fact necessary to sustain the particular jurisdiction exercised, shall appear by affirmative recitals upon the record. [Lyon v. The State Bank, 1 Stewart, 442; Curry

74

v. Bank of Mobile, 8 Porter, 360.] An exception has been established whenever the judgment entry refers to the notice, or other necessary preliminary proceedings, found in the record ; in which event the notice, or other proceeding, will be considered as having been acted on by the Court, and made a part of its judgment. [Bondurant v. Woods, 1 Ala. Rep. N. S. 543 ; White v. Bank at Decatur, Ib. 435.] In the present case there is no averment or recital in the judgment entry, that the three days notice, which the statute requires as a condition upon which the jurisdiction is to be exercised, in the absence of an appearance by the party, was given ; nor is this fact found by the jury. They merely ascertain that the facts stated in the notice are true. In Brown v. Wheeler, 3 Ala. Rep. 287, the entry went so far as to recite the appearance of the parties by their attornies, but we held this insufficient, in cases of this nature, to warrant the inference that the parties were regularly before the Court, either as having had, or as waiving the requisite notice. In the subsequent case of Jordon v. Br. Bank at Huntsville, the entry referred to the notice upon the record, as having been produced as proof of that fact, and the judgment was sustained by looking to its contents. In the case before us, if the Court, or the jury, had affirmed the fact of notice, and referred to the paper found in the record, we should not hesitate to look to it to sustain the judgment ; but it is clear this matter escaped the attention both of the Court and jury, and consequently the jurisdiction fails.

The judgment must be reversed and the cause remanded.