James v. Auld & Spear.

## JAMES v. AULD & SPEAR.

1. A judgment cannot be obtained against the sureties of a constable, by motion, for his default, after his death. In such a case, resort must be had to the common law for redress.

Error to the County Court of Mobile.

Fox, for defendant in error, submitted the cause.

ORMOND, J.—This was a motion against the sureties of a constable, for the failure of their principal, to return an execution, he being dead at the time the motion was made. The justice rendered judgment against the sureties, from which they appealed to the County Court, where the judgment was reversed. From that judgment this writ is prosecuted.

In Orr v. Duval, 1 Ala. Rep. 262, it was held, that no judgment could be rendered on motion against the sureties of a sheriff, in the predicament of these. The act giving this summary proceeding against the sureties of a constable, does not differ from the statute authorizing a judgment on motion against a sheriff and his sureties.

The act of the 9th January, 1841, which was passed to remedy the defect in the existing law, pointed out in the case of Orr v. Duval, does not reach this case, as by its term it is confined to the sureties of sheriffs, who may be proceeded against, although their principal is not notified. The on-

ly act authorizing a motion in such a case as this, is the act of 1824, (Clay's Dig. 219, § 87,) and that, by its express terms, requires the judgment to be rendered against the *constable and his sureties*, and when that is impracticable, as in this case, the statute remedy cannot be enforced, and the party aggrieved must resort to the common law for redress.

Let the judgment be affirmed.