## SPENCE, ET AL. v. RUTLEDGE, ADM'R.

1. A notice to a sheriff, setting forth a demand, need not state the day on which the demand was made.
2. It is not necessary to alledge in a notice, that the plaintiff resided in the county where the judgment was rendered. If he resides in a different county, it is a matter of defence to the sheriff, who by making that proof, will cast on the plaintiff the necessity of proving a personal demand, or by an order in writing.

3. Where there is a variance of two dollars between the execution as described in the notice, and the one offered in evidence, it may be amended in the court below, otherwise it will be fatal on error.

4. When the notice is to the sheriff, the record must show that those against whom the judgment was rendered as his sureties, were proved to be such; and if not done in the court below, the proof cannot be made in this court.

5. A demand of the sheriff by the attorney of record, is in law a demand by the plaintiff.

Error to the Circuit Court of Talladega.

MOTION by the defendant in error, against Spence, sheriff of Talladega, for failing to pay over on demand, money collected by execution.

A notice in the usual form was served on the plaintiff in error, by which he is informed that he had collected $400, on a particular execution, which is described, and upon which after paying all costs, commissions, &c. there remained the sum of $374 12, to apply to the said execution, "which monies you have failed to pay over on demand of the said plaintiff."

Whereupon he was notified, that on the 15th day of the present term of the court, or so soon thereafter as the court would entertain the motion, a motion would be made against him and his sureties, for the money so collected, together with five per cent. per month from the time of making such demand.

Service of the notice was accepted by the sheriff.

The sheriff appeared and demurred to the notice, or suggestion of the plaintiff, and the court overruling the demurrer, he took issue upon the facts.

The plaintiff then produced the execution described in his notice, with the indorsement of the sheriff thereon, as set forth in his notice, and offered to prove by Alexander White, the attorney of record of the plaintiff, that on the 26th June, 1845, he demanded the money of said Spence, and that he did not pay it. To the introduction of this proof of demand, the defendant objected, but the court overruled the objection, and the plaintiff excepted.

The jury found a special verdict, that a certain execution came to his hands, which is particularly described, and differs from the execution described in the notice, in the amount of the judgment, in this, that in the notice the judgment is stated to be for $592 20, and in the verdict $590 20; that he received thereon, after paying costs, fees, &c. $374 12, on the 25th October, 1844, and that he was sheriff at the time. That on the 26th June, 1845, the money was demanded of him, by A. White, the attorney of record of the plaintiff, and that he refused to pay.

Upon this verdict the court rendered judgment against the sheriff, and certain other persons, his sureties in office, for the sum of $548 73, besides costs.

The defendants now assign for error—

1. The overruling the demurrer to the notice.

2. The admission of the evidence to prove a demand.

3. In the judgment rendered upon the verdict.

4. In the final judgment.

S. F. Rice, for plaintiff in error.

1. In a summary proceeding against a sheriff for failing to pay over money collected, it is necessary to alledge a special demand, and by whom, and in what county, and when made. [Barton v. Peck, 1 S. & P. 486; 1 Chitty's Pl. 323, 324; Broughton, et al. v. The State Bank, 6 Porter, 48; McBroom v. Governor, Ib. 32; Brazeal, et al. v. Smith, 5 Ala. R. 206; Allen v. Gant, 1 A. K. Marsh. 409; Davis v. Armstrong, Ib. 364; Clay's Dig. 217, § 82.]

2, If a demand by "the plaintiff," is alledged, it is not sustained by proving a demand by the plaintiff's *attorney*. One party cannot thus mislead his adversary by his pleading —especially in a summary proceeding. [Torbert v. Wilson, 1 Stew. & Por. 204.]

3. A notice when pleaded to, in such cases, is in the nature of a declaration, and is a part of the record. [Walker, et al. v. Turnipseed, 8 Ala. R. 679.]

4. In proceedings of this kind, a misdescription of the execution is a fatal defect; and if the verdict of the jury shows that the money was collected on an execution different from that described in the notice, a judgment on that verdict can-

not be sustained. No amendment of the verdict can now be made, and no intendment can be made that the jury did not find what they have written out as their verdict. [Johnson, et al. v. Gray, 6 Ala. R. 276.]

5. The judgment is fatally defective in not showing that there was any proof as to who were sureties of Spence.

6. In penal actions, or summary proceedings for penalties, the declaration or notice must show that the plaintiff's claim is not barred by the act of limitations, and every other fact which gives the right to the penalty. Under this rule Rutledge should have averred that he was a citizen of Talladega county, or that the demand was made in Talladega county. [1 Marsh. *supra.*]

L. E. Parsons, contra.

ORMOND, J.—We will consider the questions raised in the order they were made in the argument. The case of Price v. Cloud, 6 Ala. Rep. 253, is decisive, that in a notice for a motion of this kind, it is not necessary to state the day when the demand was made, but that a general averment, that demand was made, is sufficient, if it sufficiently appear that the demand was made before notice of the motion, and after the money was collected. That does appear in this notice, as it states the receipt of the money by the sheriff, on the execution, and proceeds, "which monies you have failed to pay over on demand to the plaintiff." This is certainly sufficient as a notice, although on the trial it was necessary to prove the day when the demand was made.

It is further contended, that the notice should alledge that the plaintiff resided in the county where the judgment was rendered, or that a demand was made in Talladega county. This argument is founded on the act requiring the creditor to appoint an agent in the county, where the execution is levied, when he resides in a different county, to whom the sheriff may pay the money, &c. [Clay's Dig. 217, § 82.] The act proceeds to declare, that if such agent is not appointed, no judgment shall be rendered for nonpayment, unless a demand be first made of a sheriff in his county, by the creditor, or by some person having a written order from him. It

is obvious this is matter of defence for the sheriff, who by proving the fact, that the creditor did not reside in the county where the execution was levied, would cast on him the necessity of making proof of demand, either personally or by an order in writing.

The variance between the execution on which the jury have found the money was collected, and that described in the notice, is fatal to the judgment. As this was evidently a mere clerical error in transcribing the execution, which was in evidence before the jury, it could have been amended in the court below, but no such amendment can be made here.

A still more fatal defect in the proceedings is the omission to make proof to the court, who were the sureties of the sheriff. They were not parties to this motion, which is alone against the sheriff, and to authorize the court to render a judgment against them, the fact should have been proved to the court, that those against whom the judgment was rendered as such, were his sureties, and the record must show that this was done. [Gary v. Frost & Dickinson, 5 Ala. Rep. 638.]

An agreement has been entered into by the parties, that if the court below could amend this judgment *nunc pro tunc*, from the fact that the bond of the sheriff was on file in the clerk's office, with these persons as his sureties, it shall be considered as amended here, but we are clear in the opinion no such amendment can be made. The defect in this judgment is, the omission to state that a fact was proved which alone could give the court jurisdiction to render a judgment against them. The existence of this conclusive evidence of their suretyship in the clerk's office, only shows that the proof could have been made, but to authorize such an amendment, it should appear by matter of record that such proof was made, though omitted to be stated in the entry of the judgment.

It remains to be considered whether, under the facts alledged in the notice, that a demand was made by the plaintiff, it was competent to prove a demand by the attorney of record of the plaintiff. We consider that this averment

71

would be satisfied by proof of demand by the attorney of record. A payment to him by the sheriff, would be conclusive against the plaintiff, and it necessarily follows, that he had the right to demand payment, and that a demand by him is in law a demand by the plaintiff.

For the error previously noticed, the judgment must be reversed, and the cause remanded.