## CAMP v. WATT ET AL.

1. The sureties of a sheriff may be proceeded against for his default, by notice, and motion, though the sheriff be dead.

Error to the County Court of Benton.

MOTION by the plaintiff in error, against the defendants in error, sureties of Lunsford Stallings, sheriff of Cherokee, for failing to return an execution of the plaintiff, which is described.

The defendants pleaded in abatement of the rule, that at

the time the notice to them issued, the sheriff was dead. The plaintiff demurred to this plea, which was overruled by the court, and judgment rendered for the defendants. This is now assigned as error.

S. F. RICE and A. J. WALKER, for the plaintiff in error.

1. Although prior to the act of 9th January, 1841, a judgment could not be obtained in a summary mode, for failing to return an execution, against the sureties of a sheriff, after his death, or where he had absconded, yet by that statute this evil was remedied, and judgment on motion may now be obtained for his failure to return an execution, against such of the sureties as are served with notice, although the sheriff may have absconded, or may have died after his default.  Bondurant v. Bank, 5 Ala. Rep. 171, and cases therein cited ; Williamson and Daniel v. Bank, 2 Ala. R. 504 ; James v. Auld and Spear, 9 Ib. 462.

2. The sureties, in such case, may litigate the liability of their principal ; and there is no reason or necessity for permitting them to avail themselves of the death or absence of their principal, to defeat the just and wholesome remedy of an injured creditor.  Robertson v. Coker et al, 11 Ala. R. 466.

L. E. PARSONS, contra.

1. The statute does not authorise this summary remedy against the securities, when the sheriff is dead.  The suit must be on the bond.  Dig. 206, § 22.

2. The plea in abatement is good in substance and in form, and its allowance is matter of discretion, and not to be assigned as error.  Knowles v. Russell, 8 N. H. 542.

3. The proper judgment was rendered after the refusal of the plaintiff to plead over.

COLLIER, C. J.—The first section of the act of 1841, " more effectually to enforce the performance of the duties of sheriffs in certain cases," provides, that " where a rule or notice shall issue against any late or acting sheriff, and his securities in office, in any case now authorized by law, it

shall be competent for the plaintiff in such rule or notice, to recover judgment against such of the parties as service may have been effected on." Clay's Dig. 536, § 14. Under the statute of 1826, it was decided, that in summary proceedings against the securities of a sheriff, the sheriff is a necessary party; and unless the notice is given to him, no judgment on motion can be rendered *against the securities.* Orr v. Duval et al. 1 Ala. Rep. 262. It was the purpose of the act of 1841, to remedy the defect in the pre-existing law, which this decision discovered, and to give a summary remedy against the sureties of a sheriff, or any of them, without notice to the sheriff, in all cases where they were liable by notice and motion, for the default of their principal. The Bank of the State v. Bondurant, 5 Ala. Rep. 171 ; James v. Auld and Spear, 9 Ala. Rep. 462. See also, Robertson v. Coker et al. 11 Ala. Rep. 466. The fact that the sheriff was dead, and therefore could not be personally charged for his default, can make no difference, if, as the cases cited suppose, the statute was intended to give a remedy against the sureties served with a notice, though the sheriff was not made a party.

From this view it follows, that the plea in abatement does not set up any ground, which can affect the remedy the plaintiff has adopted ; and that the plaintiff is entitled to proceed upon his motion against the sureties of the sheriff who have had notice, or appeared. It is needless to consider the other questions raised by the assignment of errors. The judgment of the county court sustaining the demurrer to the plea in abatement, and the consequent proceedings cannot be sustained. The judgment is therefore reversed, and the cause remanded.