## EVANS v. THE BANK OF THE STATE EL AL.

1. A sheriff, or his sureties, proceeded against under the act of 1826, may insist on the fact of the receipt of the money being found by a jury; but if they appear, and make no objection, they will be considered as having waived it.
2. When the judgment entry recites, that proof was made, that the party proceeded against, was surety of the sheriff when the money was collected, and received by him, this court will intend, that it was proved by the production [of the sheriff's bond, on which he was surety, and that that relation continued to exist, so as to embrace the period of default.
3. The plaintiff is not confined to the proof of the demand, at the time stated in the notice. Proof of demand at any time after the receipt of the money by the sheriff, and before the motion, will be sufficient.

Error to the County Court of Tuscaloosa.

The facts sufficiently appear in the opinion.

E. W. Peck, for the plaintiff in error.

Vol. 15—11

P. & J. L. Martin, for defendant.

CHILTON, J.—This was a motion at the instance of the bank against David Chandler, late sheriff of Perry county, and his securities in office, for failing to pay over, upon demand, the sum of $540, alledged to have been collected by him under, and by virtue of an execution in favor of said bank, against one Davis. Notice of the motion having been served alone upon the plaintiff in error, a judgment was rendered by the court, at the term indicated by the notice, against him, without the intervention of a jury.

It is insisted in this court that the county court erred in rendering judgment without the finding of a jury. 2. That the facts set forth in the judgment entry, do not warrant the judgment, and that the court erred in rendering judgment upon them.

The judgment entry recites, that the parties came by their attorneys, and the said bank moved for judgment against said Evans, as one of the sureties of said Chandler, for the failure of the latter, as sheriff of Perry county, to pay over certain monies collected by him, on an execution described in the notice, &c. And it appearing to the satisfaction of the court, that the execution in favor of the President and Directors, against Hugh Davis, in the said notice mentioned and described, was properly issued on a judgment of this court, and that it came duly to the hands of the said David Chandler, as sheriff of the county of Perry, before the re-return day thereof; and it further appearing to the satisfaction of the court, that the said Chandler as sheriff, as aforesaid, collected and received, upon said execution, the sum of $540; and it further appearing, that a demand of the monies aforesaid was made of the said David Chandler, on the 31st day of July, 1846, by William Hawn, cashier of said bank, and agent for the said plaintiff, and acting for them in that behalf, in Perry county, and that the payment of said monies was then refused by said Chandler; and it further appearing, that the said James G. Evans was security of the said Chandler, as sheriff aforesaid, at the time the monies aforesaid were collected and received by said Chandler; and it also appearing, that said Evans has had more than three

days notice of this motion, by notice duly executed and served upon him him on the 28th day of November, 1846, and the said Evans saying nothing in bar or preclusion, it is therefore concluded by the court, that the plaintiff recover of said Evans the sum of $540, the amount collected as aforesaid, and not paid over ; also, that he recover the further sum of $454 50, as damages, being five per cent. per month, on the amount of the execution, for sixteen months and twenty-six days, that being the number of months and days which have elapsed since the demand and refusal aforesaid, up to this date, besides the costs in this behalf expended.

The general rule certainly requires, the record should show affirmatively every fact necessary to sustain a summary judgment, rendered in virtue of particular jurisdiction conferred upon the court. Lyon v. Bank, 1 Stew. Rep. 442; Curry v. The Bank of Mobile, 8 Por. Rep. 360; Allums v. Hawly, 8 Ala. Rep. 584. In support of the objection, that the court should have empannelled a jury to try the fact, whether the money had been collected, we are referred by the counsel, to Mason & Daniel v. Brashier, 1 Ala. Rep. 635. That case decides, that in a proceeding under the act of 1822, against the sheriff for failing to pay over money collected by him, (and which requires an issue to be made up and tried by a jury, unless the receipt of the money appear of record, or by some paper filed in the clerk's office,) the summary judgment cannot be sustained without the verdict of a jury, unless the record shows the receipt of the money, was proved by matter of record, in the court below, or some paper filed in the clerk's office.

The act of 1826 makes no such requisition, but provides, "that whenever any clerk, sheriff, or coroner, shall fail, or refuse to pay over any money received, or collected by him, upon any execution, on the application of the plaintiff, or plaintiffs, his, her, or their attorney, or agent, it shall be lawful for the court, to which such execution shall be made returnable, upon one day's notice being given to said clerk, sheriff, or coroner, on motion of the plaintiff or plaintiffs in execution, to render judgment against the clerk, sheriff, or coroner so failing, or any, or either of them, for the amount of money thus received, together with five per cent upon the

amount of said execution, as damages, for each and every month for which the said money shall have been detained, after demand made, together with costs of suit. Clay's Dig. 218. It was said in the case of Mason & Daniel v. Brazier, *supra*, that this act might be considered as superseding all other acts upon the subject, did it not require one day's notice to the *clerk, sheriff*, or *coroner*. In that case the sheriff had not been notified, and the court for that reason say, the judgment could not be supported under the act, having previously decided, in Orr v. Duval, 1 Ala. Rep. 262, that under the act of 1826, the sheriff was a necessary party. The act of 1841, remedies the defect in the act of 1826, and authorizes a judgment against " such of the parties as service is effected on." See Williamson and Daniel v. The Branch Bank at Montgomery, 3 Ala. Rep. 504; Clay's Dig. 536, § 14. The act of 1826, as we have seen, does not require the fact of the receipt of the money to be found by a jury. The court was not bound *mero motu* to submit such issue to a jury, and conceding that the defendant might insist on a jury trial, there can be no doubt of his right to waive it. The record in this case shows he was present by his attorney, and said nothing in bar or preclusion of the motion for judgment against him. We conclude therefore, there was no error in the rendition of judgment by the court, without the finding of a jury.

We think the objection, that it does not appear the defendant below was security for Chandler when the default was was made, cannot be sustained. The notice, which is referred to in the judgment entry, describes the said defendant, as being one of the securities of Chandler. He appears and makes no defence, and the judgment entry recites that proof was made of his being security when the money was collected, and received by the sheriff. We must intend that this fact was proved by the *legal* evidence, the production of the official bond of Chandler, on which Evans was bound as surety. This fact being made affirmatively to appear, by the production, &c. of the official bond of the sheriff, we must intend, in the absence of all other proof, that the relation continued to exist, so as to embrace the period of default. The bank made out a *prima facie* case against the

surety, and devolved upon him the necessity of showing he had been discharged, if such were the fact, when the default occurred. The continuance of the security's liability, the fact having been shown to exist, and there being no countervailing proof, is a presumption of law arising upon the record, and which the judgment entry need not recite. As well might the rule require the judgment entry to negative any other matter of defence—for example, that the security was not an infant when he signed the bond—was not forced to sign it, &c., as, that he has never been discharged from it. These are matters of defence, the *onus* of proof of which is on the defendant. In the Branch Bank of Mobile v. Broughton, 10 Ala. Rep. 148, it is said " if the sureties appear, and do not put the fact of their suretyship in issue, it is an admission that they are properly charged as such."

The judgment entry distinctly avers, that the money was demanded on the 31*st July*, 1846, and although it may be that this is a clerical misprision, we are not authorized by the record so to regard it. The notice avers that the demand was made one year previous to the time stated in the judgment entry, but the plaintiff was not confined to proof of demand *at the time* stated in the notice. It was sufficient to show such demand, after the receipt of the money by the sheriff, and before the motion. Spence et al. v. Rutledge, adm'r, 11 Ala. Rep. 557.

Let the judgment as to the damages be corrected, and entered for the proper amount, at the cost of the plaintiff in error.