## DIXON, USE, &C. *vs.* CASKEY, SH'FF, ET ALS.

1. Parties, sought to be charged on motion as the securities of a sheriff, may contest the fact of their suretyship, and introduce proof to show that they were not his securities at the time of the supposed default.
2. Where the office of sheriff is declared vacant by an order of the judge of the County Court, in consequence of his refusal to give a new bond, his securities are not liable for his failure to return an execution, the return day of which had not elapsed, when such order was made.

ERROR to the County Court of Randolph.

THIS was a motion against Robert Caskey, sheriff of Randolph county, and his securities, for failing to return an execution, issued from the County Court in favor of the plaintiff against John Dobson. The notice of the motion was served on the sheriff alone, who appeared and made up an issue of fact which was submitted to a jury for trial. A verdict was rendered in favor of the plaintiff, who then introduced the bond given by Caskey as sheriff, and prayed judgment against his securities also. The securities, who were not parties to the issue, then appeared and introduced the proceedings of the County Court, from which it appeared, that after the delivery of the execution to the sheriff, but before the term to which it was returnable, one of the securities had filed a written notice in the County Court that he would no longer continue the security of the said sheriff, whereupon an order was made by the court and served upon the sheriff, requiring him within fifteen days to appear and give bond as by law required, or the office of sheriff would be declared vacant. On the 21st day of June, previous to the July term of the County Court, to which

the writ was returnable, the office was declared vacant, of which the sheriff was notified, and he was required to return all the papers and processes in his hands to the clerks of the courts from which they were received. The plaintiff objected to the introduction of this record evidence, but his objection was over-ruled, and the court refusing to render judgment against the securities, the plaintiff excepted, and now assigns it as error.

HUDSON, for the plaintiff.

HEFLIN, for the defendants.

DARGAN, C. J.—No notice of the intended motion against the sheriff was served on his securities, nor did they become parties to the issue submitted to the jury, which was made up between the plaintiff and the sheriff alone. Therefore, if it be admitted that the plaintiff could move the court for judgment against the securities and the sheriff jointly, upon the verdict against the sheriff alone, still it is very clear that he must intro-duce the proper proof that they, whom he seeks to charge as the securities of the sheriff, are in fact such, and if he fails to make such proof, he is entitled to judgment against the sheriff alone.—Spence v. Rutlege et al. 11 Ala. 557; Reed v. The Plant. & Merch. Bank, 3 ib. 712; Garey v. Trost et al. 5 ib. 636. As it is incumbent on the plaintiff, when the securities are not made parties to the motion, to prove their suretyship to entitle himself to a judgment against them, it follows that they may contest that fact in any proper manner, and introduce proof to show that in fact they are not the sheriff's securities; otherwise they would be bound by a proceeding to which they were not parties.

The whole question, therefore, is, whether these defendants, whom the plaintiff sought to charge as securities, were such at the time the supposed default was committed? We are clearly of the opinion that they were not. True they were his securi-ties at the time the execution was placed in the sheriff's hands; but before the return day thereof one of the securities had ap-plied to the county judge to be discharged from the bond; the judge had issued a citation to the sheriff in the manner directed by the act to give a new bond with sureties; the sheriff had

failed to execute the bond required and the judge had declared the office vacant. The judgment by which the office was declared vacant was rendered some time before the return day of the writ, and consequently the sheriff had not then made the default. The securities of a sheriff are liable for all his acts and omissions up to the time that his office is vacated, and if in the execution of process, whilst sheriff, he has done an act that creates a liability or duty to the plaintiff, the securities will continue liable for the *performance of that duty;* as if the sheriff whilst in office has collected money on a *fi. fa.,* and is removed before any demand has been made of it, they will continue liable, notwithstanding his removal from office; but if the sheriff has been removed before any default has been made, and before he has done any act under or by virtue of process, that will charge him and his securities, the mere omission to do, after the office is vacated, what otherwise would have been his duty, cannot charge his securities. This is the condition of the case before us. The sheriff had until three days before the return term of the writ to make return upon it. He was therefore in no default in not returning it at the time the office was declared vacant; his securities were not then bound for a failure to return, and consequently could not be afterwards charged for such a supposed default.

We can see no error in the record prejudicial to the plaintiff, and the judgment must be affirmed.