## PECK & RHODES vs. COLBY.

[SUMMARY PROCEEDING AGAINST CONSTABLE'S SURETIES.]

1. *Constable necessary party.*—The constable is a necessary party to a summary proceeding, under the act of 1824, (Clay's Digest, 219, § 87,) for failing to return an execution.

2. *Practice in appeal cases.*—In a case removed by appeal or *certiorari* from a justice's court, a new party cannot be brought in before the circuit court.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. S. D. HALE.

L. L. CATO, for appellants.

E. C. BULLOCK, *contra.*

WALKER, J.—The act of 1824, (Clay's Digest, 219, § 87,) under which this proceeding was instituted, authorizes the notice to be given to either the constable or his sureties; but the proceeding and judgment cannot be against the sureties alone, without the constable, as was decided in the cases of Orr v. Duval, 1 Ala. 262, and James v. Auld & Spear, 9 Ala. 462. The proceeding before the justice of the peace, in this case, seems to have been against the sureties alone; and judgment was rendered against them, without the constable. The constable was never in any way made or treated as a party. The appeal was by the sureties alone, and they were the only defendants in the circuit court.

After a case has been removed into the circuit court, by appeal or *certiorari*, there can be no change of parties, so as to bring in a new party who was not proceeded against before the justice, and who was no party to the appeal.—Wilson v. Collins, 9 Ala. 127.

From the views above expressed, it is clear that the plaintiffs were not entitled to a recovery, in the attitude in which the case was presented to the circuit court; and that they cannot, by any amendment, so improve the condition of their case as to authorize a recovery. Without

passing upon the correctness of the reason given by the court below for the general charge against the plaintiff's right of recovery, we must affirm the judgment.