## IRWIN vs. SCRUGGS.

[MOTION FOR SUMMARY JUDGMENT BETWEEN SURETIES.]

1. *Waiver of trial by jury.*—On notice and motion for a summary judgment between co-sureties, (Code, § 2645,) if the defendant does not appear and make up an issue to be tried by a jury, the court may receive proof of the requisite facts, and render judgment without the intervention of a jury.

2. *When motion must be made.*—A recital in the judgment entry, that the creditor " has at this time recovered a judgment against " the plaintiff in the motion, sufficiently shows that the motion was made in pursuance to the notice at the time when the creditor's jugment was rendered.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. JOHN E. MOORE.

THIS proceeding was instituted by John W. Scruggs against William B. Irwin, both of whom, together with one Richard C. Mason, were sureties on the official bond of Henry F. Scruggs, as register of the chancery court of Morgan county. In the notice, which was issued and served on the 11th August, ·1855, the defendant was "notified that Isaiah Dill has sued " said Scruggs on said bond; that the writ was returnable to the August term, 1855, of the circuit court of Madison, "and stands for trial at said term." At the March term of the court, 1856, the following judgment was rendered : "This day came the plaintiff, by his attorney, and shows that, heretofore, Henry F. Scruggs, with plaintiff, defendant and Richard C. Mason as his sureties, executed their bond, dated the 25th of March, 1849, for the sum of $10,000, payable to Reuben Chapman, governor, &c., with condition to be void if said Henry F. Scruggs should well and truly perform all the duties by law required of him as the register of the chancery court of Morgan county; and it further appearing to the court, that the office of said Henry F. Scruggs has expired, and that Isaiah Dill is his successor; and it further appearing that said Scruggs, while such register, received money growing out of a sale of

property in a suit wherein Edward Holliday was complainant, and Thomas Price and others were defendants, and failed to pay the same over; and that said Dill has sued this plaintiff upon said bond, and has at this time recovered a judgment thereon against him, for the sum of $10,000, to be discharged by the payment of $3,283 86; and it further appearing that plaintiff caused a written notice to be served on this defendant, on the 11th day of August, 1855, of the pendency of said suit in favor of Dill, and that he would move for a judgment against this defendant, for one half the amount for which said Dill might recover against him; and it further appearing to the court that said Henry F. Scruggs and Richard C. Mason are insolvent : It is therefore considered by the court, that plaintiff recover of said defendant the sum of $1,641 93, being one half of the liability of the plaintiff upon the judgment against him in favor of said Dill, besides the costs of this motion."

The errors assigned are—" 1st, the rendition of judgment upon the facts disclosed in the record; 2d, the rendition of judgment without the intervention of a jury."

WALKER, CABANISS & BRICKELL, for appellant.
ROBINSON & JONES, *contra.*

WALKER, J.—Section 2645 of the Code authorizes a surety, whose principal is insolvent, when sued, to recover judgment upon notice of the pending suit, against such of his co-sureties as are not sued in the action, for their aliquot portion of the debt, excluding from the estimate the proportion of such of the sureties as are insolvent. It has been the uniform practice, for the court to receive proof of the requisite facts, and render judgment upon such motions, where the defendant does not make up an issue to be tried by the jury.—Broughton v. Robinson, 11 Ala. 922; Clemens v. Branch Bank of Montgomery, 1 Ala. 50; Smith v. Branch Bank at Mobile, 5 Ala. 26; Curry v. Bank of Mobile, 8 Porter, 360; Evans v. State Bank, 15 Ala. 81.

The defendant, who makes up no issue of fact, must be

regarded as waiving the right of having the facts determined by a jury. We know of no principle of common law, or of any statute, opposed to this mode of proceeding to these summary judgments on motion. The statute which authorizes the rendition of judgment final, upon judgment by default, *nil dicit*, or on demurrer, where the action is founded upon an instrument of writing ascertaining the plaintiff's demand, has no application to this case, and is not to be construed as prohibiting the rendition of a judgment without the intervention of a jury in all cases not described by it.—Petigrew v. Petigrew, 1 St. 585.

[2.] The recital in the judgment entry, that the creditor "has at this time recovered judgment against the surety," conveys with sufficient certainty the idea that the motion was made in pursuance to the notice at the time when the judgment was rendered.

No other objection, than those above noticed, has been called to our attention. We do not find in those objections, or in any other which has occurred to us, a warrant for reversing the judgment of the court below; and it is, therefore, affirmed.