Barclay, Administratrix, v. Barclay.

is in conflict with the dissenting opinions in the cases of *Dockery v. McDowell, Adm'r,* and *Scheible v. Bacho,* in manuscript.

Reversed and remanded.

---

## BARCLAY, ADMINISTRATRIX, *vs.* BARCLAY.

[MOTION FOR SUMMARY JUDGMENT.]

1. *Summary judgment; discontinuance.*—A. gave notice that a motion would be made for a summary judgment against the personal representative of B. on Friday, the 30th November; the motion was not made until the day after, (December 1st,) when judgment by default was rendered against the defendant, the record not showing that the motion was submitted at the proper time, and continued to December 1st,—*held*, that the motion was, by operation of law, discontinued.

2. *Same; by default, or nil dicit.*—Where a judgment by default, or *nil dicit*, is rendered upon such a motion, the record must, notwithstanding, show the liability of the defendant for the debt, or demand, and that the facts were proved, which gave the court jurisidiction ; and the court, upon the failure of the defendant to appear and make up an issue, to be tried by a jury, may receive proof of the requisite facts, and render judgment without the intervention of a jury.

3. *Same; notice of motion.*—The notice given in such a case, can not be looked to by an appellate court, unless it is made a part of the record by proper reference.

4. *Same ; against personal representative.*—The remedy by motion for a summary judgment by a surety, against the personal representative of the principal debtor, is given by the act of December 6th, 1861.

APREAL from the Circuit Court of Talladega.
Tried before Hon. JOHN HENDERSON.

THIS was a motion for a summary judgment by the appellee against the appellant, as the administratrix of the estate of H. G. Barclay, deceased. The following is a copy of the motion served upon the defendant:

" Mrs. Margaret A. Barclay, as the administratrix of the estate of H. G. Barclay, deceased : You will please take notice, that a motion will be made on Friday, the 30th instant, in the above entitled cause, now pending in the circuit court for Talladega county, Alabama, for a judgment against you, in favor of A. R. Barclay for $1,504 80, money paid by said Barclay, as the security of H. G. Barclay, on a note in which he joined with H. G. Barclay, payable to David McCollough, which note was transferred to W. C. McCollough, and sued on by him, in the circuit court of Talladega county, Alabama, and recovered a judgment against said A. R. Barclay, for the sum of $1,504 80, on the — day of November, 1866, which judgment said A. R. Barclay has fully satisfied. You will take notice of the above motion, and govern yourself accordingly. November 27th, 1866. Bishop & Winbourn, attorneys for motion."

This notice was served by the sheriff on the defendant, on the 28th November, 1866. The motion was entered upon the motion docket. The following is a copy of the judgment entry :

" Motion docket, fall term, 1866. Came this, 1st December, 1866, the plaintiff by his attorney, and moved the court for a judgment against Margaret A. Barclay, administratrix of H. G. Barclay, deceased, for the sum of $1,504 80, besides $13 30 costs of suit, which the plaintiff, as security of defendant's intestate, paid to W. C. McCollough, on the — day of —, 1866; and it appearing to the court, that the defendant has been served with a written notice of this motion, and being called, came not, but made default ; it is therefore considered by the court, that the plaintiff recover of the defendant the said sum of $1,504 80 damages, besides $13 40 costs, by the plaintiff expended, together with the costs of this motion, for which let execution issue, to be levied of the goods and chattels of the defendant's intestate, in her hands unadministered. On the 18th May, 1867, the defendant gave bond and brought the case by appeal into this court.

JOHN T. HEFLIN, and CHILTON & THORINGTON, for appellant.

JUDGE. J.—The requisites necessary to sustain a summary judgment, on notice and motion, have been often stated by this court.—See *Connolly v. Ala. & Tenn. R. R. R.*, 29 Ala. 373, and authorities in that case cited.

In the present case, notice was given that the motion would be made, on Friday the 30th of November, 1866. The judgment entry shows that it was not made until the day after, which was the 1st of December. Appellant not appearing to contest the motion when it was submitted, and the record not showing that it was submitted at the proper time and continued to December 1st, the motion, by operation of law, was discontinued.—*Gray et al. v. Bank of the State of Alabama*, 11 Ala. 771.

Where a judgment by *default* or *nil dicit*, is rendered upon such a motion, the record must, notwithstanding, show the liability of the defendant for the debt or demand, and that the facts were proved which gave the court jurisdiction.—*Andrews, Adm'r, v. Branch Bank*, 10 Ala. 375. (In these respects, the record of the present case is defective.) But if the defendant does not appear and make up an issue to be tried by a jury, the court may receive proof of the requisite facts, and render judgment without the introduction of a jury.—*Irwin v. Scruggs*, 32 Ala. 516.

The notice, in such a case, though copied into the transcript, can not be looked to by an appellate court, unless it is made part of the record by proper reference.—*Connolly v. Ala. & Tenn. R. R. Road, supra.*

The objection of appellant that a payment can not be obtained against the legal representative of the principal debtor, by a surety, in a proceeding like the present, can not be sustained, as the remedy in such case is expressly provided for by the act of December 6th, 1861, p. 19.

Judgment reversed, and a judgment must be here rendered dismissing the proceeding in the court below.