Bondurant *et al.* v. Woods & Abbott.

## BONDURANT *et al.* v. WOODS & ABBOTT.

1. Where a notice to a sheriff and his sureties, states that the former received the amount of an execution, and alleges that the same was demanded of him by the plaintiff; but proceeds to aver a failure to return the execution according to law, and informs the sheriff and his sureties, that a motion will be made against them for such failure to return the execution ; the notice does not embrace two distinct grounds, but only that for which it is indicated the motion will be made.
2. Where there is a demurrer in the record undisposed of, the omission to dispose of it, is not available on error, if it should have been overruled.
3. If a motion against a sheriff and his sureties, and the judgment consequent thereupon, constitute but one entry simultaneously made, and the court declares in its judgment " that the facts alleged in the notice have been fully proved by the

plaintiff," the notice may be referred to, to ascertain the default on which the motion is founded.

4. In a summary proceeding against the sheriff and his sureties, if it appear from the record that the defendants came into court, and the parties referred their case to the decision of the court; it will be intended, either that the defendants were served with notice, or consented to waive it.

5. It is not permissible for a sheriff and his sureties, in a summary proceeding against them, for the failure of the former to return an execution, to shew that the execution issued upon an insufficient or irregular judgment.

6. Where the notice to a sheriff and his sureties, is recited in the judgment and found in the record, it may be referred to, to sustain the judgment.

7. Though it would be more regular in a judgment against a sheriff and his sureties, for a failure to return an execution, to state separately the amounts of the execution and the interest thereon ; yet it is not error to render a judgment for an entire sum, where it does not exceed the aggregate of these two amounts.

8. It is no ground for the reversal of a judgment against a sheriff and some of his sureties, that a discontinuance had been entered, as to the sureties not served with notice.

THE record in this case discloses a notice addressed by the defendants in error, through their attorney, to James M. Bondurant, late sheriff of Marengo, and eight others as securities in his official bond. The notice describes an execution issued from the circuit court of Marengo, on a judgment obtained by the defendants against John McRae, for twenty-three hundred and thirty-seven and ninety-four one hundredths dollars. The execution was issued on the 14th of April, 1838, and was received by Bondurant as sheriff, on the 18th of the same month, and required him to make the amount of the judgment, together with twelve dollars and thirty-one cents cost, and make due return thereof, &c., on the second Monday next proceeding the first Monday in October, thereafter.

The notice then avers that Bondurant returned the execution, satisfied as, appears by his indorsement thereon, as follows: " Satisfied, 20th September, 1838," which indorsement was subscribed by him officially. It is further averred that the defendants in error did, after the return term of the writ, viz: on the 25th September, 1838, demand of Bondurant, the sum of money specified in the execution, which he wholly failed and refused, and still doth neglect and refuse to pay.

The notice then alledges, that the writ of execution was placed in the hands of Bondurant, as sheriff as aforesaid, at the time aforesaid, yet he did not return the same to the clerk's office of the circuit court of Marengo, three days previous to the term of the court to which it was returnable, but wholly neglected and refused to return the same.

The notice then proceeds as follows: " You, the said James M. Bondurant, and you, each of you, securities as aforesaid, will therefore please to take notice, that the said plaintiffs, by their attorney Columbus W. Lea, on the 27th day of March instant, will move for judgment against you, to the full amount of the moneys specified in the said execution, in the circuit court of the said county, now in session; for and on account of the failure of the said James M. Bondurant, sheriff as aforesaid, to return the said writ of execution, within the time prescribed by law as aforesaid: when you may attend and defend the said motion, if you think proper."

To the notice, the plaintiffs in error demurred generally, and the defendants joined therein.

At the term of the circuit court to which the notice was returnable, that is to say, at the spring term of 1839, we find the following motion and judgment, both in one entry. " In this case plaintiffs move for a judgment, against James M. Bondurant, former sheriff of Marengo county, and his securities in office, on the ground that the said James M. Bondurant, by virtue of his office as sheriff, received on the 18th of April, 1838, an execution issued on a judgment obtained by plaintiffs Woods & Abbot v. one John McRae, for twenty three hundred and thirty-seven dollars and ninety-four cents damages, and twelve dollars and thirty-one and one-fourth cents costs of [suit: judgment rendered during spring term of Marengo circuit court, 1838, which execution said sheriff failed to return into the office of Marengo circuit court as required by law. At this day came the parties by their attornies, and the plaintiffs discontinue as to Jesse H. Bondurant, Charles P. Lee, and William Burks, and by consent of parties the matters and things, and the proof of the

69

parties are submitted to be determined by the court: and the same being fully heard by the court, it seems that the said sheriff and his securities have had due notice of this motion, and that the plaintiffs have fully proved the facts in the notice alledged, and that the said sheriff and the other defendants who were proved to be his securities in office, are liable to pay the plaintiffs the amount of the execution in said notice specified for the default of the said sheriff. It is therefore considered by the court, that the plaintiffs recover of the said defendants, the sum of two thousand four hundred and thirty-seven dollars and forty five cents, the sum of money above demanded, and also their costs." That the proceedings of the circuit court may be re-examined, the defendants below have sued a writ of error to this court.

MANNING for the plaintiff.
ERWIN, contra.

COLLIER, C. J.—The plaintiffs insist that the judgment of the circuit court, is erroneous and assign the following causes:

1st. Because it failed to dispose of the demurrer to the notice and to sustain the same.

2d. The judgment is rendered upon the *allegations* contained in the notice, without specifying the particular default for which the plaintiffs in error were charged, though the notice contained two distinct grounds.

3d. Neither the notice nor the facts and proofs disclosed by the record, nor both, authorized the judgment of the circuit court; it not appearing, either that the defendants (below) had the three days' notice prescribed by law, or that it was proved that there was any judgment authorizing the issuance of the execution which it is alledged the sheriff Bondurant did not return.

4th. The amount of the judgment of the circuit court is greater than the sum claimed in the notice.

5th. The discontinuance by the defendants in error, as to three of the parties against whom the notice proceeds was fatal to the entire proceeding.

Bondurant *et al.* v. Woods & Abbott.

1. It may well be questioned whether by the agreement of the parties to submit " the matters and things and the proof" to the determination of the court, the demurrer of the plaintiffs in error, was not waived. But conceding that the question of law it proposed to raise was one of " the matters" submitted to the court, yet this assignment is not well taken. Without pretending to admit that in a motion against the sheriff and his sureties, under our statutes, for a default of duty, it would be irregular to embrace in the notice two distinct causes, we are satisfied that the notice contemplates proceeding for a single default only. True, it charges the sheriff with having received the amount of the execution and alledges that the same was demanded of him by the defendants in error; but it then proceeds to aver a failure to return the execution according to law, and informs the plaintiffs in error, that a motion will be made against them, for such failure of Bondurant as sheriff. Not the remotest intimation is given that a judgment will be asked for, on the ground of the failure to pay over money, and the notice would not authorize a motion to that effect. The allegations then in regard to the receipt of money, and the refusal to pay it on demand, may be considered as superfluous, and cannot prejudice, or in any degree affect the notice, the character of which must be ascertained by a reference to the motion, which it indicates will be made. It is then entirely immaterial whether the demurrer was disposed of or not, since, as it should not have been sustained, the omission is an error that could not operate an injury to the plaintiffs, and consequently they cannot avail themselves of it.

2. The second cause assigned for error, so far as it asserts that the notice contains two distinct grounds of proceeding, we have seen, is not sustained by the record. The motion and the judgment appear, most clearly from the record, to constitute but one entry, simultaneously made. This entry indicates with precision the character of the motion, and the court explicitly declare, that *the facts alledged in the notice have been fully proved by the defendants in error.* Here, then, we see that " the par-

ticular default, for which the defendants in error were charged,"
is clearly set forth in the judgment.

3. The notice we have seen, is obnoxious to criticism, as being
too verbose, yet the excess of words is entirely harmless, and
does not affect its legal sufficiency.

The facts stated in the record to have been proved in the cir-
cuit court, are not it is true, set forth with technical precision;
yet it is conceived that they are sufficient to have authorized its
judgment.    There was no necessity for showing that the plain-
tiffs in error, had notice of the motion intended to be submitted
against them, by coming into court and referring the case to its
decision, they either admitted that they were duly served with
notice, or else consented to waive it.    Though in summary
proceedings of this character, great strictness is required; yet it
has been held, that where an issue is tried by a jury, the verdict
will ascertain the defendants liability, as in other cases where
suits are prosecuted in the ordinary mode, and that "it is unne-
cessary to encumber the record either with the proof or fact of
notice, or of those facts which constitute the liability for the
debt."    Curry v. The Bank of Mobile, (8 Porter's Rep. 372.)
The reason of this decision, so far as respects the notice, is, that
by submitting to plead to issue, the defendant admits himself
regularly in court; so in the present case, by consenting to a
trial and agreeing that the judge should become the arbiter both
of the law and the facts, the plaintiffs in error must be under-
stood to have made a like concession.

It was not a proper subject of inquiry upon the *trial* of the
*motion*, whether the execution issued upon a regular judgment.
"If the execution issued from competent authority, and was
duly authenticated, it was not for the sheriff in defence of the
rule, to say that the execution was irregular, or to know whether
it was founded on a proper judgment or not.    Its mandate was
imperative, and he was bound to obey it.    In no conceivable
case, should an execution be quashed on the motion of the sheriff,
to whom it had been delivered to be executed.    Anderson v.
Cunningham, (Minor's Rep. 48.)    In the Tombeckbee Bank v.

Godbold, 3 Stew't. Rep. 240,) which was *an action* for a *false return* against the defendant, as the sheriff of Monroe, prosecuted according to the course of the common law, it was held that as the recovery must be graduated by the extent of the injury sustained, it was important to show that the execution was issued upon a judgment.    That case is entirely unlike the present; here the proceeding is for the enforcement of a liability imposed by statute—the amount and the condition on which the recovery is to be had. is certain and fixed, depending upon the fact whether an execution bearing upon its face the *indicia* of regularity, was received and returned according to law.

It has been repeatedly determined that in a proceeding of this character the measure of the recovery must be the amount of the execution with interest.    McWhorter *et al.* v. Marrs, (1 Stew. Rep. 63,) and that the plaintiff is entitled to *interest* though it is not specifically demanded by the notice.

In Curry v. The Bank of Mobile, (8 Porter Rep. 372) which was a motion by the defendant in error, against the plaintiff as the indorser of a promissory note—in the transcript of the record, there was a notice and certificate of the president of the bank copied at length—the judgment recited them thus: "produced the notice with the certificate of the president of the bank indorsed thereon."    The court held that the recital of the notice and certificate made them a part of the record.    In the case before us, the notice is referred to in terms even more explicit than in the case cited, and consequently may be looked to, if necessary, to sustain the judgment.

4. It would have been more formal to have expressed in the judgment, the amounts of the execution and interest separately, instead of stating their aggregate amount.    But upon calculating interest from the date of the execution, we find that the judgment does not exceed the sum, which the defendants in error were entitled to recover, and the informality of the judgment, as it does not prejudice the plaintiffs, furnishes no ground for a reversal.

5. The entry of a discontinuance as to some of the persons

who are styled in the notice, the securities of the sheriff, could not affect the proceeding against the others. It does not appear that they had been served with notice, or that they had agreed to waive it—in the judgment entry the defendants in error discontinue, as to three who are said to be securities, and then with the consent of the sheriff and the other sureties, submit the case upon "the proof" to the decision of the court. The parties then as to whom the discontinuance was entered, do not appear from the record, ever to have been in court—and even if the discontinuance furnished a legal advantage to the plaintiffs, it may well be questioned, whether by consenting to a trial, they have not waived it.

In Lyon v. The State Bank, (1 Stew't. Rep. 442) the court say that "a proceeding by motion or notice is essentially different in this respect, from a common law suit. In this form, the notice is no part of the record, but evidence only. If not served or not proceeded on, it is a nullity. An *alias* could not issue on it, nor would a discontinuance be necessary to authorize a proceeding *de novo*. The motion recognized only the person notified as a party defendant. No express discontinuance was necessary. Here is an authority to show that the discontinuance was unnecessary, and consequently could not prejudice the judgment of the circuit court.

This view is decisive of the questions raised, and our conclusion is, that the judgment must be affirmed.