## ICE V. MANNING.

1. A recital or memorandum copied into the transcript sent to the appellate Court, but which does not appear to have been a part of the record in the inferior Court, will not be so regarded on error.

2. A writ issued against two, but was executed on one only; the judgment entry recites that the parties came by attorneys, " and the defendant withdraws his plea," and a judgment was rendered against the *defendant*, without designating him by name : *Held*, that it must be considered as a judgment against the defendant only, who was served with process.

Writ of error to the Circuit Court of Marshall.

THIS was a proceeding by petition and summons at the suit of the defendant in error, to recover the sum of two hundred and thirty-five dollars and eleven cents, due by a promissory note, made by the plaintiff and one Robert Dickey.   The transcript, after setting out the petition, and the certificate of the clerk that the same was filed in his Court, contains a memorandum in these words: "And on the back of the aforesaid note, is the following credit: "Received March 8, 1839, seventy-nine 50-100 dollars.                    R. J. MANNING."

The process was executed on the plaintiff in error, and as to Robert Dickey, was returned " not found."   A judgment was rendered as follows:

" R. J. Manning *v.* Robert Dickey & Andrew Ice.

" Came the parties by attorneys into Court, and the defendant withdraws his plea by him heretofore pleaded, and now says nothing in his defence.   It is, therefore, considered," &c.

Ice alone sues out a writ of error, and here assigns for error : *First*, that the judgment was rendered for more than was due. *Second*, that although both the defendants in the summons appeared, yet judgment is rendered against only one, without distinguishing which one.

HOPKINS, for plaintiff in error.
No counsel appeared for defendant.

COLLIER, C. J.—In respect to the evidence of a partial payment upon the note, as shewn by the transcript, it cannot

8

be regarded as a part of the record, but it must be considered, as it doubtless is, a mere memorandum of the clerk, copied from the note on file in his office. This is indicated as well from the absence of any statement connecting it with the record, as from its entire dis-connection with any thing preceding or following it.

The commencement of the judgment entry, would seem to show that both the defendants sued, did appear, and upon the recital of the fact, a judgment against both would have been regular. Gilbert, et al. v. Lane, 3 Porter's Rep. 267. But the succeeding part of the entry limits the generality of the terms employed, and taken in connection with the sheriff's return, shows what parties appeared, and against which of the defendants the judgment is rendered.

In Rivers v. Loving, 1 Stewart's Rep. 395, the writ issued against two, and was executed on one only. The declaration was against both, and plea by "the defendant," in the singular number, without distingushing which, and issue thereon; the Court held, that it was only the appearance of the defendant served with process. True, this case is not precisely analagous to the one at bar, yet in principle, it is not distinguishable.

If the second error assigned were fatal to the judgment, it would not avail here, for it asserts that the judgment is so uncertain, that it cannot be known against whom it is rendered. If this be the case, how could the defendant have sued out a writ of error, does not that writ issue upon the allegation, that he is injured by the judgment against him; and if the judgment were so uncertain, as it is insisted to be, the writ of error should be dismissed, and the defendant be left to his *supersedeas*. But we think the plaintiff in error is the party who is to satisfy the judgment of the Circuit Court; and consequently it is affirmed.