## BEARD v. THE BRANCH BANK AT MOBILE.

1. A dismissal of one of the parties to a motion for judgment, is not a discontinuance of the entire motion, though the party dismissed was notified, and has appeared, and pleaded.

Error to the County Court of Mobile.

MOTION by the Bank against the plaintiff in error. The notice issued against the plaintiff in error and two others, and was executed on all. A. Godbold, one of the persons notified, appeared and pleaded *non est factum*. The Bank moved to dismiss against Godbold, and for judgment against Beard, which was granted. The error assigned, is the dismissal of the suit as to Godbold.

LESLIE, for plaintiff in error, contended, that the dismissal of the motion against one of the defendants, who had appeared, and pleaded, was a discontinuance of the entire suit.

Fox, contra.

ORMOND, J.—It has been repeatedly held, that in these summary proceedings, the notice has not the effect of process, nor is a suit pending, until a motion for judgment is submitted to the Court upon it. [See Lyon v. The State Bank, 1 Stew. 442; Bondurant v. Woods & Abbott, 1 Ala. Rep. 543 ; Griffin v. State Bank, 6 ib. 911.] It follows, that the omission to proceed against one of the defendants, cannot work a discontinuance of the mo-

tion. The dismissal as to Godbold, was unnecessary, but cannot prejudice. It amounts merely to a declaration, that the Bank did not desire to proceed against that person.

Let the judgment be affirmed.