Dennis & Strickland v. Chapman, Gov'r, &c.

## DENNIS & STRICKLAND *vs.* CHAPMAN, Gov'r. &c.

1. A witness who deposes to the declaration or admissions of a party, must give the precise language used by him, if he can, or at least the substance of what he said.
2. The admissions of an officer are not evidence against his securities, unless they are made while in the performance of some official act or duty, connected with the transaction, out of which the breach of the condition of his bond is alleged to have arisen.
3. A constable who has levied executions on personal property, while they are in force, may sell after the return day of the writs; and his receipt of the money upon a sale, and failure to pay it over according to law, will subject his securities to liability therefor.

Error to the Circuit Court of Randolph. Tried before the Hon. John J. Woodward.

This was an action of covenant brought in the name of the Governor for the use of Culbreath, against the securities of a constable, on his official bond. The constable had levied two executions in his hands on a slave, and sold her after the return day of the executions. The slave brought more than enough to satisfy the executions, and this action is brought by the defendant in the executions to recover the residue.

It appears from the bill of exceptions, that the defendants in

the court below introduced one Hunter, as a witness, and offered
to prove by him, " that about the time he served the notices on
the defendants in this suit, he had a conversation with the plain-
tiff, and his recollection .was, that his understanding from said
conversation was, .that the matter was pretty well arranged.".
This evidence was objected to by the plaintiff, and excluded by
the court, to which the defendants excepted.

The plaintiff offered to prove by one Cunningham, " that he
had a conversation with the constable some time after his remo-
val from office, while on his way to California," 'in which " the
constable told witness, that the defendants had been writing to
him about this matter ; that it could not hurt them, as no mo-
ney could be made out of them by legal process, and that when
he returned from California, he would pay the debt, and relieve
them from all liability." The defendants objected to this evi-
dence, but the court permitted it to go to the jury, to which the
defendants excepted. This is all the evidence set out in the bill
of exceptions, which relates to the points decided by the Su-
preme Court.

HUDSON, for the plaintiff in error :

The return day of the executions arrived before the day of
sale, and to have made the plaintiffs liable, the constable should
have had process in force at the time of sale.—13 Ala. 526.

The fact that there was no proof that these (defendants) plain-
tiffs had paid any money, does not exclude the idea that money
had been paid by their principals, but such seems to be the fact
from the rebutting testimony of the witness, Cunningham.

The testimony of Hunter should have gone to the jury, and
the court asked to charge as to its effect.

The testimony of Cunningham should not have been permitted
to go to the jury. The declarations of Smith, after he had gone
out of office, could not be given in evidence 'against his sureties.
4 Ala. 611.

HEFLIN, for defendant :

1. A sheriff may lawfully sell personal property which has
been levied upon by him, by an execution of force at the time
of the levy, after the return day of the writ.—Neal et al. vs.
Caldwell, 3 Stewart, 134.

2. The effect of a levy on personal property, regularly made, is to divest the title to the thing out of the defendant in execution, and vest it in the officer making the levy, who holds it for the benefit of the creditor, and is regarded by the law as the authorised agent to make the sale, which he may do in virtue of the levy, notwithstanding the writ is made returnable before the sale is actually made.—Bondurant *et al. v.* Buford, 1 Ala. 359.

3. The declarations of Smith as proven by the witness Cunningham, were properly admitted, the declarant Smith having a joint interest with the defendants, and even more, as he was liable to refund to them what they might pay as sureties in office for him, and the admission being against his as well as their interest.—1 Phillips Ev. 75; Howard v. Cobb, 3 Day's R. 309.

DARGAN, C. J.—This was an action of covenant brought against the securities of a constable under the following circumstances. The constable sold a slave belonging to the plaintiff, to satisfy executions he had against him; the slave brought more than enough to satisfy the debts, and the plaintiff demanded the surplus remaining in his hands, but the constable failed to pay it over; several objections were taken to the ruling of the court, which we will notice in the order they are presented by the assessment of errors.

1. The demurrer to the declaration was correctly overruled; the declaration is framed with care, and is entirely good.

2. The declarations and admissions of a party against his interest are admissible as evidence against him; but the witness who deposes to such declaration or admissions should give the precise language of the party, if he can; if he cannot, he should be able to state the substance of them. If he cannot undertake to testify to the language, nor to the substance of the admissions, he ought not to be allowed to depose. Tested by this rule, we do not think the court erred in rejecting the evidence of Hunter. He did not propose to state the language, nor the substance of the admission, but merely his understanding of the admissions. If he had stated the admissions made, either in the language of the plaintiff, or the substance of them, the jury might have understood them differently from the witness.

3. But it is very clear that the court erred in permitting the admissions of the constable, made after he went out of office, and

when he was not in the performance of any duty growing out of his office, and connected with this transaction, to go to the jury as evidence to charge his securities. To make the admissions of an officer evidence against his securities, they must be made in the performance of some official act or duty connected with the transaction out of which the breach of the condition of the bond is alleged to have arisen, and if they are made at a time when he is performing no official act or duty required of him, they are inadmissible to charge his securities.—Evans v. State Bank, 13 Ala. 787, and cases there cited.

Another question has been raised on the brief of the counsel for the plaintiff in error, which is, that the constable having sold the slave after the return day of the execution, his securities are not liable for the money, notwithstanding the levy was made whilst the execution was in full force, and by virtue of which, he had the slave in possession. Although this question is not raised by the assignment of errors, we deem it proper in this case to say, that the case of the Governor use &c. v. Chandler's securities, decided at the present term, shows that the defendants under these circumstances, would be liable for the money received by the constable upon the sale of the slave, and that the receipt of the money was within the official duties of the constable, and therefore covered by his bond.

For the error we have pointed out, the judgment must be reversed, and the cause remanded.