COMM'RS' COURT OF BUTLER CO. *vs.* McCANN.

1. An action on the case cannot be maintained by the Commissioners' Court of Butler County against the keeper of the poor-house, for debauching and getting with child one of the inmates of said poor house.

ERROR to the Circuit Court of Butler.

The record does not show the name of the presiding judge.

THIS was a special action on the case by the plaintiff in error against James McCann, for debauching and getting with child one Elizabeth Rogers, who was an inmate of the poor-house of said county during the time said McCann was employed as the keeper of it. The declaration contains a second count, for so carelessly and negligently conducting as keeper of said poor-house, as to suffer said Elizabeth to be debauched and gotten with child, and alleges the damage as accruing from the increased expense by reason of her sickness and medical attendance, and for the support of the child.

The court sustained a general demurrer to the declaration, and this is now assigned for error.

WATTS, JUDGE & JACKSON, for plaintiff in error:

To show that the court erred in sustaining the demurrer, we make the following points and support them by the authorities cited :

1. By the act for the support of paupers in the County of Butler, (see Acts of 1844 p. 7,) the plaintiff was authorized to have erected a poor-house, and to employ some person to superintend said house, and take care of the poor of said county.

2. The plaintiff is a *quasi* corporation.—Angell & Ames on Corporations, 3 Ed. p. 19 § 5.

3. The power to sue and be sued is one of the incidental powers of all corporations. No express power to sue need be given by statute.—Angell & Ames on Corporations p. 372 § 1; *ib.* p. 82 § 6.

4. The giving of the bond by the defendant for the performance of his duties as poor-house keeper, was simply an additional security ; and although an action might have been maintained

on the bond, (this however is doubtful,) for the cause alleged in the declaration, this right does not preclude the plaintiff from maintaining an action on the case, for the injury alleged to have been done by the defendant.

5. Causes alleged in the declaration are sufficient to support an action on the case.

ELMORE & YANCEY, *contra* :

The Commissioners' Court of Roads & Revenue of a county have neither general nor special authority to sue, in any matter touching the interests of a county.—1 Stewart 349.

The act of 1844, "for the support of paupers in the County of Butler," may be considered as constituting "the judge of the county court, and commissioners of roads and revenue for the County of Butler," a corporation ; and all powers necessary to the execution of any privileges conferred by that act, will be presumed as granted.—4 Porter 370.

If, therefore, the grievance complained of is one that an action can be maintained upon under that act, the suit must be in the name of the corporate body, viz., "the judge of the county court and the commissioners, &c.," if the action is not upon the bond of the superintendent ; and if upon the bond, it should be in the name of "the judge of the county court," to whom it is payable ; for, in all actions by corporations, the true name thereof must be used.—Bacon's Abr., title "Corporations," letter "C," p. 444.

A corporation has no rights, save such as are specially granted, or as are incidental to or necessarry to give effect to granted powers.—The State v. Mayor &c., 5 Porter 279, 310.

There was no obligation upon the plaintiff to maintain the paupers.—Clay's Digest p. 492 § 2 ; Act of 1844 § 4.

If this is an action for breach of duty, then it should have been in debt or covenant on the bond required to be taken, being its highest security.—Act of 1844.

If it is an action for seduction, *per quod servitium amisit*, then it is not maintainable, for there is no allegation in the declaration that the relation of master and servant existed.—14 Ala. 235 ; 2 Green. Ev., title Seduction.

The relation of master and servant does not exist between the plaintiffs and paupers in Butler.—Act of 1844 § 3.

This action could only be maintained by the individual seduced, or by her parents or husband.

If any injury has been done, it was injury not to the plaintiff, but the county, and therefore suit could only be instituted for the use of the county.—Clay's Dig. 494 § 11.

Overseers of the poor of a town have no right of action against one who, against law, brings a pauper into the town by which the town is put to expense.—11 Johns. 183.

CHILTON, C. J.—That the declaration in this case presents a flagitious violation of duty on the part of the defendant, arising out of his contract as superintendent of the poor-house, there can be no question, but it is insisted that no action lies on the part of the Commissioners' Court to recover for it.

It is very clear that no action on the part of the Commissioners' Court could deprive the unfortunate subject of the injury of her action, or whoever may be entitled under the circumstances to sue for the seduction; but conceding this, the question recurs, can the Commissioners' Court recover the additional expense incurred by the county in medical bills and superadded attention required on account of the injury.

In Anthony v. Slaid & Wife, 11 Met. Rep. 290, the declaration averred that the plaintiff had contracted for the support of all the poor in the town of Adams, at a fixed sum per annum, and undertook to support them at his own risk in sickness and in health; and that the defendant's wife committed an assault and battery upon one of the town paupers, by means of which he was hurt, and the plaintiff was thereby put to increased expense for his cure and support. The Court of Common Pleas held, that the action was not maintainable. On error to the Supreme Court, it was held that the decision was right. Shaw, C. J., in delivering the opinion, said, " It is not by means of any natural or legal relation between the plaintiff and the party injured, that the plaintiff sustains any loss by the act of the defendant's wife, but by means of the special contract by which he had undertaken to support the town paupers. The damage is too remote and indirect."—See also Lamb v. Stone, 11 Pick. R. 527, and Crouse v. Overseers of the Poor, 11 Johns. R. 167 mar.

The foregoing cases are quite persuasive to show that the ac-

tion is not maintainable, but we prefer to rest our decision on a point less doubtful, and to leave this question undecided.

The act " for the support of paupers in the County of Butler" requires, " that before any superintendent shall enter upon the duties of his office, he shall enter into bond, with two or more good securities, in the sum of one thousand dollars, payable to the judge of the County Court of Butler County and his successors in office, conditioned for the faithful discharge of the duties of his office."—Acts '44 p. 7.

This provision seems to indicate the intention of the legislature to confer the legal right of action upon the county judge, and not upon the Commissioners' Court of Roads and Revenue. Be this, however, as it may, it is clear that no action could be maintained on the bond, except in the name of the county judge, who is the payee.

The duty alleged in the declaration to have been violated arises out of the contract, and this action to recover for a tortious violation of it, although in form *ex delicto*, is nevertheless, in fact, in the nature of an action *ex contractu*. The party entitled to sue has his election, either to proceed on the contract to recover for the injury, or to treat as a tort the violation of the duty which the law implies as arising out of the contract, and sue in case. The actions in the given case are concurrent, the one direct upon the contract, the other collateral to it, but both dependent on it; and the party who is legally entitled to sue on the contract can alone maintain the collateral remedy.

In Tollit v. Sherstone, 5 Meeson & Wel. R. 283, this question came before the Court of Exchequer, and it was held to be a clear proposition of law, " that an action of contract cannot be maintained by a person who is not a party to the contract ; and that the same principle extends to an action of tort arising out of a contract."

If it be granted that, whether the action be brought in the name of the judge, or of the Commissioners' Court, the recovery would enure to the benefit of the county, still this does not obviate the necessity of suing in the name of the party having the *legal* right of action. Besides, this suit is not brought for the use of the county, and the Commissioners' Court has no beneficial interest.

Our conclusion therefore is, that the Commissioners' Court have no legal right of action, and hence the demurrer to the declaration was properly sustained.

Let the judgment be affirmed.