## ARMSTRONG *vs.* HOLLEY.

[SUMMARY PROCEEDING AGAINST CIRCUIT CLERK AND SURETIES.]

1. *Nature of such proceeding.*—A summary proceeding against a circuit clerk and the sureties on his official bond, for his failure to pay over to the county treasurer, on demand, all fines, forfeitures, or other moneys belonging to the county, (Code, 2596–7, 2616–21,) is, as to the parties who have received

notice of the notion, joint only, and not several as well as joint, and is governed by the rules which apply to joint actions.

2. *Confession of judgment.*—A confession of judgment by the clerk does not authorize the rendition of judgment against either himself or the other defendants.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. NAT. COOK.

THE record in this case contains a judgment entry, rendered at the April term, 1855, in these words :—

"John Holley, county treasurer of Coffee county,

vs.

"Wiley L. Armstrong, late clerk ; David H. Keith, and Henry T. Wilkinson, his securities.

" And now come the parties in open court, and the defendant admits liability to the plaintiff, and confesses judgment to the plaintiff, for the sum of six hundred and twenty-seven dollars, being the amount due by said Armstrong as late clerk of the circuit court of Coffee county. Whereupon it is ordered and adjudged by the court, that the plaintiff do recover of the said defendants the sum so assessed, together with all costs in this behalf expended, for which let execution issue."

From this judgment the present appeal is prosecuted by Wilkinson, one of the clerk's sureties ; and the rendition of the judgment is assigned as error by all the defendants.

E. C. BULLOCK, for the appellant.

JAMES L. PUGH, *contra.*

RICE, C. J.—From the terms employed in the judgment entry, we take it for granted, that it was made after a summary proceeding had been commenced against the clerk and his sureties, under the provisions of the Code hereinafter noticed, and that the entry was made in that proceeding. We must then ascertain the nature of that proceeding.

By the Code, judgment may be rendered, summarily, against the clerk of the circuit court and his sureties, on three days notice, in favor of the county treasurer, for failing to pay over to the latter, on demand, all fines, or forfeitures, or other

moneys belonging to the county treasury.—Code, §§ 2596, 2616, 2621. In such case, the motion must be made against *the clerk and his sureties* upon his official bond, and judgment must be rendered *against such of the parties,* whether principal or surety, as *may have received notice of the intended motion.*— Code, § 2597.

The proceeding is not only summary, but is a *joint* proceeding against the parties *who have received notice of the intended motion.* It is not, as to them, several as well as joint ; and therefore the rules which apply to a *joint* action are applicable to it.

A confession of judgment, by one of several *joint* defendants in a *joint* action, will not authorize the rendition of a final judgment against even the party making the confession, until the final decision of the cause as to the rest; and the confessing defendant must receive the same judgment as his co-defendants. Such confession by one cannot authorize a judgment against the other defendants.—Taylor v. Beck, 3 Rand. R. 316 ; Wiggins v. Klienhans, 4 Halst. R. 249 ; Johnson v. Vaughan, 9 B. Monroe, 218 ; Davidson v. Bond, 12 Illinois Rep: 84 ; Dow v. Rattle, *ib.* 373. A judgment in such joint action, against three defendants, which is erroneous as to one of them, must be reversed as to all.—See cases cited *supra.* And a judgment in such joint proceeding, against three, on the confession of one, will be reversed.—Ballinger v. Sheron, 2 Green, 144 ; Bilderback v. Hinchman, *ib.* 570.

We cannot construe the language employed in the judgment entry hereinabove copied, to assert or to mean that the three defendants confessed judgment.—Ice v. Manning, 3 Ala. Rep. 121 ; Catlin v. Gilder, *ib.* 536 ; Pope v. Puckett, *ib.* 552.

From the record our conclusion is, that although the defendants had notice of the motion against the clerk and his sureties, for summary judgment under the Code, yet the confession was made by one only. And although the clerk himself made the confession, yet his confession does not authorize judgment against his sureties.—Dennis v. Chapman, 19 Ala. Rep. 29 ; Nash's Digest of Ohio Reports, 382, §§ 26, 27.

The judgment is reversed, and the cause remanded.