Connoly v. Ala. & Tenn. Rivers Railroad Co.

## CONNOLY vs. ALA. & TENN. RIVERS RAILROAD CO.

[SUMMARY JUDGMENT, ON NOTICE AND MOTION, AGAINST DELINQUENT STOCKHOLDER.]

1. *Record must show jurisdiction.*—To sustain a summary judgment, on notice and motion, the record must affirmatively show every material fact to give the court jurisdiction ; and the notice, though copied into the transcript, cannot be looked to, unless it is made part of the record by proper reference.

2. *Judgment by default final.*—Unpaid calls for railroad stock are not " instruments of writing ascertaining the plaintiff's demand", within the meaning of the statute (Code, § 2366) authorizing the rendition of a final judgment by default without the intervention of a jury.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. C. W. RAPIER.

THIS was a summary proceeding, by notice and motion, against a delinquent stockholder in a railroad company, for unpaid calls for stock ; and was instituted under the 9th section of the act incorporating the Alabama and Tennessee Rivers Railroad Company.—Session Acts 1847–8, p. 267. Final judgment by default, without the intervention of a jury, was rendered, reciting that service of process was proved. The notice is set out in the transcript, but it is not referred to in the judgment entry, nor is it otherwise made part of the record. The rendition of this judgment is now assigned as error.

CHILTON, MORGAN & CHILTON, for appellant.

WM. M. BYRD, *contra.*

STONE, J.—1. In summary proceedings, such as this, to sustain a judgment by default, the record must affirmatively show the existence of every material fact to give the court jurisdiction, and to sustain its judgment. The notice, though copied into the record, cannot be looked to, unless it is made part of the record by proper reference. These principles have been so often asserted by this court, that a citation of authorities would seem almost a work of supererogation.—

Logwood v. Bank of Huntsville, Minor, 23 ; Lyon v. State Bank, 1 Stew. 466–7 ; Parsons v. Lee & Norton, 8 Porter, 125; Bates v. Pl. & Mer. Bank, *ib.* 99 ; Bondurant v. Woods, 1 Ala. 543; Smith v. Br. Bank of Mobile, 5 Ala. 26 ; Beard v. Br. Bank of Mobile, 8 Ala. 344; Andrews v. Branch Bank, 10 Ala. 375; Riggs v. State Bank, 11 Ala. 185; Jemison v. P. & M. Bank, 17 Ala. 754–8.

2. The judgment in this case was rendered by default final. This was also error, as unpaid calls for railroad stock are not "instruments of writing, ascertaining the plaintiff's demand." Code, § 2366.

The judgment of the circuit court is reversed, and the cause remanded.