## WARE vs. GREENE.

[SUMMARY PROCEEDING AGAINST TAX-COLLECTOR AND SURETIES.]

1. *Parties.*—In a summary proceeding against a tax-collector and his sureties, (Code, §§ 2596-97, 2628, 2632,) for his failure to pay into the State treasury the taxes collected by him, the unexplained omission of one of the sureties from the notice is fatal to the proceeding.
2. *Statute of limitations.*—The State not being expressly included in the act of 1852, (Clay's Digest, 329, § 90,) which prescribes six years as the limitation of actions against the sureties of public officers, that statute does not apply to a summary proceeding against a tax-collector and his sureties, instituted in the name of the comptroller of public accounts, for the use of the State.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JNO. GILL SHORTER.

THIS was a summary proceeding, instituted in the name of W. J. Greene, the comptroller of public accounts, for the use of the State, against John C. Burgess, tax-collector of Coosa county for the year 1845, and James L. Burgess, A. C. Mahan, Hamilton Ware, and R. L. Lauderdale, as the sureties on his official bond; and was commenced on the

18th May, 1857. The defendant Ware craved oyer of the bond, (which was set out,) and demurred to the notice, because W. C. Whetstone and Allen Thomas, who were also obligors jointly with the other defendants, were not included in the notice, as defendants to the proceeding. The demurrer being overruled, said Ware then pleaded the statute of limitations of six years; alleging, that he signed the bond only as the surety of John C. Burgess. The court sustained a demurrer to this plea; and its rulings on the pleadings, with other matters, are now assigned as error.

CHILTON & GUNTER, for appellant.
M. A. BALDWIN, Attorney-General, contra.

A. J. WALKER, C. J.—This is a summary proceeding for a tax-collector's default. There are six sureties on the bond, and the notice is issued against only four of the sureties. The omission of two of the sureties is not in any way explained. This omission is fatal to the proceeding. The proceeding is summary, and highly penal, and must be pursued in strict conformity to the law authorizing it.— Code, §§ 2632, 2628, 2596, 2597. The sections of the Code referred to show that the proceeding authorized is against the tax-collector and his sureties; but there is no authority to issue a notice against only a part of the sureties. It may be that, under section 2597, judgment might be rendered as to so many of the sureties as received notice, omitting those who were not served with notice. But neither that section, nor any other, authorizes the unexplained omission from the notice, by which the proceeding is instituted, of a portion of the sureties. The absence of an authority to proceed, as was done in this case, against a part of the sureties, omitting the others, is fatal to the notice.—Collier v. Powell & Bradley, 23 Ala. 579.

[2.] We deem it necessary to notice only one other question presented by the record; and that is, whether the statute of limitations is available to the sureties of the tax-collector. This is a proceeding by the State; and it is an

established doctrine, that no statute of limitations can operate against the State, unless the State is expressly included.—Ang. on Lim. §§ 34, 35, 36.; Sedgwick on Stat. and Con. Law, 105.; *U. S. v. Hoar*, 2 Mason, 311. The statute prescribing a limitation as to actions against the sureties of public officers, does not include the State, and, therefore, has no application to this case.—Clay's Dig. 329, § 90. And it must be observed, that the question of the statute of limitations is in this case governed by the law as it was before the adoption of the Code.—Session Acts, 1853-4, p. 71.

Reversed and remanded.