## MARION COUNTY *vs.* BROWN ET AL.

[SUMMARY PROCEEDING BY COUNTY, AGAINST SURETIES OF TAX COLLECTOR.]

1. *Motion and notice under* § 920 *of Revised Code; how made.*—In a summary proceeding, in the name of a county, against a defaulting tax collector and his sureties, under § 920 of the Revised Code, the notice and motion may be against any one, or more of the obligors to the official bond, without joining all said obligors.

APPEAL from the Circuit Court of Marion.
Tried before the Hon. W. S. MUDD.

THIS was a summary proceeding, instituted by Marion
county, against George Brown, Thaddeus Walker, Joseph
Roberts, and John J. Dickerson, sureties of Andrew M.
Astin, who was tax collector for Marion county, from Au-
gust 1st, 1859, to August 1st, 1860; to recover the sum of
$877 38, taxes collected by said tax collector, and not paid
over.   The action was commenced on the 23d day of Sep-
tember, 1866, and the notice of motion duly served upon
all the defendants.   At the spring term, 1867, the cause
was continued, at the instance of the defendants, to the
next term.   When the cause came on to be tried the plain-
tiff moved the court "for leave to amend the notice of
motion in this suit, by adding the name of A. M. Astin and
R. G. Astin, as defendants in the suit, and to allege that
said A. M. Astin and R. G. Astin were dead at the com-
mencement of this suit, and that said R. Y. Astin was, and
is, one of the sureties of said A. M. Astin, as tax collector,
as set out in said notice."   The court overruled the motion,
and refused to allow said amendment, and the plaintiff ex-
cepted.   The defendants craved oyer of the bond, ( which
was set out and was in the usual form, and was signed by
all the defendants, and also by said A. M. Astin and R. Y
Astin,) and demurred to the notice, "because said motion
does not allege and show that said notice is issued against
all the parties to said bond, and does not assign any reason
why said A. M. Astin and R. Y. Astin are omitted to be
named in said notice of the motion aforesaid."   The court
sustained the demurrer, and gave judgment against the
plaintiff for costs, and the plaintiff again excepted; and
here assigns as error : 1. The refusal of the court to allow
the amendment to the notice of motion; 2. The sustaining
of the demurrer by the court; and 3. The judgment of the
court below.

T. M. PETERS, for appellant.
No counsel for appellee.

[No briefs came into the hands of the reporter.]

B. F. SAFFOLD, J.—This is a summary proceeding, by the county of Marion, against the sureties of the tax collector of that county, for his default. The motion is made under the provisions of § 920 of the Revised Code, and the notice is issued to, and executed on, four of them. The tax collector himself, and one of the sureties, are not included. The defendants demurred to the notice, because of the omission of these parties. The circuit court sustained the demurrer.

Section 920 of the Revised Code, directs that judgment may be recovered against a tax collector, or against him and his sureties, or any or either of them, having ten days' notice, by motion in the circuit court, in the name of the county for which the money is collected by him and not paid over within the time prescribed by law, or on demand of the treasurer, when no time is fixed. The evident construction of this section is, that the proceeding may be prosecuted against any one or more of the obligors to the official bond.

The decision in *Ware v. Greene*, 37 Ala. 494, is based on the terms of section 3026, Revised Code, that the motion must be made against the person in default, and his sureties upon his official bond. It is there held, that the proceeding is summary and highly penal, and must be pursued in strict conformity to the law authorizing it. There is this marked difference between the law under which the proceedings in the case of *Ware v. Greene* were conducted, and section 920, under which this case was commenced. In the first, the proceeding is to be by the comptroller for the use of the State, against the tax collector and his sureties.—Revised Code, §§ 3026, 3060. In the other, the notice is to be given, in the name of the county, to, and the motion made against, the tax collector and his sureties, or either of them.

The notice given was sufficient, and the circuit court erred in sustaining the demurrer.

The judgment is reversed, and the cause remanded.

PETERS, J., not sitting, having been of counsel.