Graham, Tax Collector, v. Reynolds, Auditor.

## GRAHAM, Tax Collector, *vs.* REYNOLDS, Auditor.

[JUDGMENT ON SUMMARY PROCEEDINGS AGAINST TAX COLLECTOR AND SURETIES.]

1. *Judgment on motion against tax collector, &c.; what judgment entry must show.*—In a judgment on motion against a tax collector and his sureties, rendered by *nil dicit*, the judgment entry must show the liability of the defendants for the debt or penalty sought to be recovered, and that the facts were proved necessary to give the court jurisdiction.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. JAS. Q. SMITH.

ON the 18th of May, 1870, the appellants were served with notice that, at the next term of the circuit court, the auditor, by Attorney-General Morse, would move against them for judgment, for the amount of certain unpaid taxes due by appellant, Graham, as tax collector, and the other appellants as his sureties.

At the June term, 1870, the circuit court rendered the following judgment:

"R. M. Reynolds, Auditor,     Came the State, by Joshua
         *vs.*              Morse, its Attorney-General,
H. Graham, Tax Collector   and the defendants, by attor-
    of Calhoun county,      ney; and the defendants say-
       *et al.*, sureties.      ing nothing in bar or preclu-
sion of the plaintiff's said demand, it is therefore consid-

ered by the court that the plaintiff recover of the defendants the sum of $5,047 00, his demand in the complaint mentioned; the same being the amount of principal, interest and damages, as also the costs in this behalf expended, for which let execution issue. And this execution is stayed by the plaintiff until the first of November, 1870, except as to costs."

The notice of motion, sheriff's return of the execution of the same, and the appearance of the defendants by attorney, were the only matters shown by the record at the time judgment was rendered. There was no certificate from the auditor of the amount of unpaid taxes, or any proof that the appellant, Graham, was tax collector, and the other appellants his sureties on his bond.

The errors assigned are—

1st, That the court erred in the judgment rendered.

2d, That there was no proof to justify the rendition of judgment.

WALKER & MURPHEY, for appellant.—It is necessary that the judgment in this summary proceeding should recite all the facts necessary to sustain it. The judgment must be reversed, because it does not recite any of the necessary facts.—*Barclay v. Barclay*, 42 Ala. 345; *Andrews v. Keep*, 38 Ala. 315; *Ware v. Green*, 37 Ala. 494; *Stewart v. Warfield*, 37 Ala. 446; *Irwin v. Scruggs*, 32 Ala. 516; *Collier v. Powell & Bradley*, 23 Ala. 379; *Conoley v. A. & T. Railroad*, 29 Ala. 373.

JOHN W. A. SANFORD, Attorney-General, *contra*, did not controvert or deny the positions of appellants' counsel, but admitted that this was a proper case for reversal.

PECK, C. J.—The judgment in this case was rendered in a summary proceeding, on motion against appellant, H. Graham, as tax collector of Calhoun county, and the other appellants as his sureties. The judgment is by *nil dicit*.

The judgment entry fails to state the facts necessary to give the court jurisdiction, or to show the liability of the defendants.

From the earliest history of this court, it has been often and uniformly held, that in such cases, it must appear by the judgment entry, when the judgment is by default, that the defendant had the notice which the law requires, and that the facts were proved which give the court jurisdiction, and show the liability of the defendant for the debt or penalty sought to be recovered. If the defendant appear, as he does where the judgment is by *nil dicit*, it is evidence of notice, nothing more ; every other fact necessary to entitle the plaintiff to judgment must be proved, and appear in the judgment entry.—*Smith v. Br. Bank at Mobile*, 5 Ala. 26 ; *Andrews v. Br. Bank at Mobile*, 10 Ala. 375 ; *Barclay, Adm'r, v. Barclay*, 42 Ala., 345 ; *Conoley v. A. &. T. Railroad*, 29 Ala. 373.

The judgment is reversed, and the cause remanded.