James et al. v. Moseley et al.

---

## JAMES et al. *vs* MOSELEY et al.

[SUMMARY MOTION AGAINST SHERIFF AND SOME OF HIS SECURITIES FOR FAILURE OF SHERIFF TO PAY OVER MONEY OBTAINED FOR SALE OF PERISHABLE PROPERTY.]

| | |
|---|---|
| 47 | 299 |
| 99 | 619 |
| 47 | 299 |
| 122 | 441 |

1. *Motion ; what notice of sufficient in proceedings under § 2958 of Revised Code.  Judgment ; what will support appeal.*—A motion entered on the motion docket in term time is sufficient notice of the motion to all officers of court and their sureties ; and when the parties to such a motion appear and demur to the *notice* of motion, and such demurrer is sustained, and the motion is dismissed, the judgment thus rendered is final, and an appeal may be taken therefrom to this court.—Revised Code, § 3027.
2. *Revised Code, § 2957 ; motion under may be made against sheriff and any one of sureties*—A motion against the sheriff and his sureties, under section 2958 of the Revised Code, for money received by him for sale of perishable property sold under section 2957 of the Revised Code, may be properly made against the sheriff and his sureties, " or *either* of them." It is not required to be made against the sheriff and *all* his sureties.

APPEAL from the Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

The facts are sufficiently stated in the opinion.

MOORE & LOCKETT, for appellants.
REID, and BAILEY & BRAGG, *contra.*

PETERS, J.—This is a summary proceeding, by the defendant, in an attachment suit which failed and was dismissed, instituted by motion against Moseley as sheriff and his securities, to compel said sheriff to pay over to the plaintiff in the motion a certain sum of money, and damages for detention of the same, which sum of money is the proceeds of the sale of certain perishable property of the plaintiff in said motion, sold by order of court, under section 2956 of the Revised Code. The motion was dismissed upon demurrer to the notice of the motion in the court below, and judgment rendered for costs against the plaintiff in the motion. From this judgment there is an appeal to this court.

The motion in this court to dismiss the appeal is denied, with costs. The judgment from which the appeal is taken is final. It dismisses the suit, awards judgment for costs, and directs execution to be issued on the judgment.—Revised Code, § 3485; Archb. Forms, p. 129, marg.; Tidd Pr. 930, marg.

In such a proceeding as this in the court below, the entry of the motion on the motion docket of the court is sufficient notice to the sheriff and his securities.—Revised Code, § 3027. This motion may be made against the sheriff and his securities, or either of them, "for any money thus received for the sale of perishable property, and judgment rendered against him for the amount and five per cent. a month from the time of the demand."—Revised Code, § 2958. The motion in this case sets forth all the facts which would authorize a recovery, though some of these facts are very untechnically and indefinitely stated. Yet I think an issue upon the merits might have been taken upon them. This is sufficient upon a general demurrer.—Rev. Code, § 2629; 41 Ala. 256; 40 Ala. 63. But the demurrer in this case is not only general, but also

special.  Some of the objections are distinctly stated in the demurrer—three at least.  The grounds specified are : 1st, that there are other securities to the sheriff's bond who are not sued in the motion ; 2d, that the notice, motion or rule does not show the term of the court at which the motion will be made ; 3d, that the notice fails to show in what county the motion will be made.  I consider these objections in the reverse order to that in which they are made.  The third objection is not well taken.  It is an objection to the allegations of the notice.  In this case no notice was necessary.  The entry of the motion on the motion docket of the court is all that is required.  This was done.  The notice is not a part of the record unless made so by bill of exceptions, or by reference to it in the judgment of the court.  This was not done.  Its defects, then, can not be urged as an objection to the motion.—Revised Code, § 3027 ; *Bondurant et al. v. Woods & Abbott*, 1 Ala. 543 ; *Barclay, Adm'r, v. Barclay*, 42 Ala. 345.  The second objection is not borne out by the record.  The record shows in its caption that the court in which the proceeding was had was properly held at the proper place by the proper officers, and on Monday, the 5th day of September, 1870, it being the first Monday in that month.  And the motion purports to have been made at that term of the court.  And the judgment of the court shows that the parties, after mentioning them by name, " appeared by their attorneys."  This was a waiver of notice, and a sufficient allegation of the term of the court at which the motion would be made.—1 Ala. 543, *supra ;* 39 Ala. 184. There was no need of stating in the motion where it would be made or when.  It was a proceeding in court, and the caption of the court showed all this, and by their appearance the parties dispensed with the notice, had any been required in the case.  The first objection is also untenable. The statute under which this proceeding is instituted is in the following words : " The sheriff and his securities, or *either* of them, may be proceeded against by motion, on one day's notice, at the instance of the plaintiff, (or of the defendant, if the plaintiff fail in the action,) for any money

thus received for the sale of perishable property; and judgment rendered against him for the amount and five per cent. a month from the time of the demand."—Rev. Code, § 2958; ib. § 1. The bond of the sheriff, though joint in form, is several in effect, and the parties may be sued thereon seaparately or jointly, and judgment may be taken against such as have notice, or against those who appear and plead without notice, (Revised Code, §§ 2539, 3026), unless the statute under which the suit is instituted only authorizes a *joint* proceeding.—*Greene v. Ware*, 37 Ala. 494. But in this case this is not so. The words of the above recited act permit the motion to be made against the parties to the bond jointly or severally. This construction has been given by this court to a statute similar in words to this, in the case of *The Treasurer of Marion County v. Brown et al.*, 43 Ala. 112. Under this statute, the principle which governs in *Greene v. Ware*, (37 Ala. 494, *supra,)* does not apply.

The judgment of the court below is reversed, and the cause is remanded.