## *Ex parte* Wilson.

### *Petition for Mandamus.*

1. *Summary proceedings against defaulting tax collectors, &c.; what provisions of Code applicable to.*—Sections 3059 and 3060 of the Revised Code, authorizing summary judgments against defaulting tax collectors and probate judges, are not the only provisions governing such proceedings, but must be construed in connection with § 3026 of the first part of the chapter relating to "summary judgments," of which sections 3059 and 3060 form a part.

2. *Same; what will not operate a discontinuance of.*—These sections, thus construed, authorize judgment against the parties served, although the principal and other sureties are not served; and neither a discontinuance as to those not served, nor an order abating the suit as to a party who died after service, will work a discontinuance of the entire proceeding.

This was a petition for mandamus, based upon a state of facts fully set forth in the opinion.

RICE, JONES & WILEY, for petitioners.

MANNING, J.—The auditor of the State, by notice issued to and against William Falconer, late tax collecter of Montgomery county, and five other persons as sureties on his bond, began proceedings for a summary judgment against them, in the circuit court of said county, for money received by said Falconer as such collector and not paid over. The proceeding is a statutory one under sections 3059 and 3060 of the Revised Code ; the first of which is as follows : "Judgment must in like manner be summarily rendered in favor of the comptroller of public accounts," [now called auditor,] "against the defaulters hereinafter named," [defaulting tax collectors and probate judges, § 3060,] "and their sureties in the circuit court held at the seat of government, or in that of any county in which the defaulter, or his sureties, may reside, on ten days notice." The notice was served on some of the sureties for the tax collector, but not on the latter or his surety, Bowen ; and afterwards, by order of the court, at the instance of the auditor, the action was discontinued as to them, and was declared abated as to another who had died ; whereupon the remaining parties who had been served with notice of the motion, insisted that it was thereby discontinued as to them also, and moved the court for judgment accordingly ; which being refused, they excepted. They now ask this court, by a writ of *mandamus*, to require the cause to be discontinued as to them in the circuit court.

For petitioners, it is contended, that according to said sections 3059 and 3060, no judgment can be rendered in an action of this summary character, against the sureties, without it be rendered against the principal also. This would undoubtedly be so, if the proceeding were dependent on those sections alone. They are a portion of Article V, of Chapter 3, in "Title" 2, and Part 3, of the Revised Code ; which "chapter" relates entirely to "summary judgments," and is divided into six "articles." Of these, the first, with the heading, "General Rules," contains several sections that are intended to be applicable to the proceedings relating to summary judgments against all the officers and persons mentioned as subject to them in the next five *articles*, except where otherwise expressly indicated. This arranging of the contents of a Code, so that one part shall be explained by another, is the object of such a work. Its very purpose is, by a division of statutes and a reduction of the parts under suitable titles into a systematic whole, to rid legislative enactments of the repetitions in which they are apt to abound, and so condense them within a compass convenient for use. Therefore, the sections above referred to, concerning sum-

mary judgments against probate judges and tax collectors, even without the relative phrase: "in like manner," referring to something antecedent, must be construed in connection with and as qualified by § 3026 in "Article I," containing "general rules"; which section is as follows: "The motion may be made by the party aggrieved, or his legal representatives, against the person in default and his sureties upon his official bond, and judgment must be rendered against such of the parties, whether principal or surety, as may have received notice of the intended motion." Such was evidently the view of this court in *Armstrong v. Holley*, 29 Ala. 305, and also in *Ware v. Green*, 37 Ala. 494. The discontinuance, therefore, as to those on whom notice was not served, did not operate a discontinuance as to the others.

It remains to consider what effect was produced upon the action by the abatement of it as to the surety upon whom the notice was served, who afterwards died.

The law relating to "summary judgments," (as they are called in the Code), or summary proceedings authorized by statute, and not according to the course of the common law, has, in Alabama, always been strictly construed. They are allowed only, or chiefly, against defaulting officers and their sureties, or defaulting attorneys charged with the collection of money for clients, or in favor of sureties against their principals whose debts the sureties have had to pay, or against co-sureties who have failed to do their part in such payments; cases in which the evidence is generally direct and plain, and often of record, and the defendants, persons with whom, it is implied, the courts should promptly deal. The progress to judgment in such instances, is expected to be a speedy one. It is not comtemplated that it shall be delayed, as in the present case it seems to have been, by continuances from term to term, making the proceeding as dilatory as the more formal regular action. And this ought not to be done, unless, at least, entries have been made, pleas filed and issues formed, which will hold the parties to be in court as in a common suit, and relieve the action of the precarious character of a mere motion for a summary judgment.—See *Smith v. Br. Bank*, 5 Ala. 26; *King, Administrator, v. Armstrong*, 14 *id*. 393; *Curry v. The Bank*, 8 Port. p. 372; *Rutherford's Administrator v. Smith*, 27 Ala. 417. For, it is with a purpose that the remedy shall be "summary"— that is, be prompt and decisive—that in some cases, it is allowed by statute, upon a mere motion in court founded on a short notice from the mover.

Because the action is thus summary and out of the common order, the courts are particular to require that every-

thing shall be done strictly according to the act authorizing
it. No case will be brought within the statute by intend-
ment or construction. Hence, it has been held that unless
so provided in the statute, the remedy is not available for or
against an executor or administrator of a deceased person,
although expressly given in favor of or against such person,
if he were living.—*Jones, Adm'r, v. Brooks*, 30 Ala. 588; *Mur-
phey's Adm'r v. Br. Bank*, 5 *id.* 421; *Logan, Adm'r, v. Barclay*,
3 *id.* 361.

In *Collier, Gov'r, v. Powell and Bradley*, 23 Ala. 599, the
motion was against the sureties of a deceased tax collector,
under an act providing that the comptroller shall " move the
court for judgment against him and his sureties for the
amount of the taxes not paid into the treasury ; and that the
court shall render judgment for such amount on proof of
fifteen days notice to the tax collector against him and his
sureties, or, when the collector absconds, or secretes himself,
or, when the notice is returned 'not found' as to him, then
against such of his sureties as may have been notified of the
intended motion." This act, so far as the question under
consideration is concerned, is substantially the same as the
sections of the Code applicable to the case before us. The
court held that because the tax collector, although dead, was
not a party to the notice, and it was not returned "not found"
as to him, the motion could not be maintained against his
sureties; a decision which seems not reconcilable with the
cases of *Williamson v. Br. Bank*, 3 Ala. 504, and *Bondurant
v. Bank*, 5 Ala. 172. See, also, *Boring v. Williams*, 17 Ala. 510.

In *Ware v. Greene*, 37 Ala. 494, which was also against a
tax collector and some of his sureties, the notice of the mo-
tion was issued against the principal and four only of his six
sureties. The omission of the other two was not in any way
explained; and the proceeding was under the same sections
of the Code which govern the cause now before us. The
court held, that, being summary and highly penal, (25 per
cent. damages are allowed,) it "must be pursued in strict con-
formity to the law authorizing it," and that although under
§ 2597 of the Code (3026, *supra*, of the Revised Code), per-
haps judgment might be rendered against "so many of the
sureties as received the notice, omitting those who were not
served with notice,  .  .  .  neither that section nor any
other authorizes the unexplained omission from the notice
by which the proceeding is instituted, of a portion of the
sureties." Ch. J. Walker, in qualifying this judgment by the
word "unexplained," leaves it to be inferred that a satisfac-
tory reason might, perhaps, be assigned for not instituting
the motion by notice against all, in which case, the fact that

[Morris v. Bebee & Henshaw ; Gerald & Tyler v. Morris.]

some of the parties were dead, and the law did not extend the remedy against their executors, or administrators, would seem to be as good an explanation as any that could be offered, why the names of such deceased parties were omitted.

But, these cases all relate to the institution of proceedings, to the right of the plaintiff according to the law, and by virtue of the course he has taken, to maintain the motion for a summary judgment, and not to the effect of any thing afterwards done or suffered by one of the defendants, as of his becoming a bankrupt, or of his death. It would be contrary to the maxim, *actus Dei nemini facit injuriam*, to hold that when a plaintiff had properly brought into court as defendants, several persons who are jointly liable to him, he should, by the death of one of them, be deprived of his right to recover of the others against whom the cause of action survives, and subjected to costs by the dismissal of his suit. Such is not the law applicable in that event.—*Harrison v. King*, Minor, 364; *Piffin v. Fenton*, Cro. Cas. 426; 1 Bac. Abr. (Bronv. Ed.) 14; *Sumner v. Tileston*, 4 Pick. 308.

The motion for a writ of *mandamus*, requiring the circuit court to order an entry of discontinuance, is denied with costs.

STONE, J., not sitting.