[Cory v. Dennis.]

# Cory v. Dennis.

### Trover for Conversion of Cow.

·1.' *Statutory proceeding against stock running at large; notice by publication to unknown owner.*—To sustain summary proceedings under a local statute against stock running at large, a substantial compliance with the requirements of the law must be affirmatively shown by the record; and where the statute requires notice, if the owner is unknown, "to be posted in three public places near the lands of the complainant," the constable's return, stating that he "executed the within by posting three notices near the place where taken up," is not sufficient proof that the statutory notice was given.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

S. H. DENT, for appellant.

P. B. McKENZIE, *contra.*

WALKER, J.—The suit is for damages for the conversion of a cow. The defendant claimed title to the cow under certain proceedings had before a justice of the peace under "an act to authorize the Commissioners Court of Barbour county to establish or abolish districts in which stock may be prevented from running at large."—Acts 1882–83, p. 267. Those proceedings were introduced in evidence, and it appears therefrom that the alleged judgment of the justice of the peace condemning said cow, together with other stock, was entered upon a complaint against "owner unknown." Appellant contends that said proceedings were in conformity with the provisions of section 11 of said act. It is provided by that section that, when the stock taken up belongs to an unknown owner, "it shall be the duty of said justice or notary to cause notice to be posted in three public places near the lands of the complainant, fully describing the stock," &c. All that the record discloses as to, giving the notice is the constable's return that he "executed the within by posting 3 notices near the place where taken up." Even if it be conceded that the fact that the notice was given may be shown merely by the production of the constable's return, still it is manifest that the return relied on in this case does not show a compliance with the stat-

[Dexter v. Ohlander.]

ute, which requires the posting in three public places. The record does not show that the notice was posted in any public place. For aught that appears by the return, the notice may have been posted in out-of-the way, private or secret places, wholly beyond public view. The proceeding being summary in its nature, contrary to the common law, and in an inferior court exercising a special statutory jurisdiction, the judgment is to be treated as a nullity, in the absence of an affirmative showing that the notice required to confer jurisdiction was duly and properly given.—*Graham v. Reynolds,* 45 Ala. 578; *Connolly v. Ala. & Tenn. Rivers R. R. Co.,* 29 Ala. 373; *Foster v. Glazener,* 27 Ala. 391; 1 Black on Judgments, §§ 279 to 282. This consideration disposes of the assignments of error.

It seems that section 11 of said act contemplates that, before the proceeding on the merely constructive notice is instituted, some showing shall be made to the justice of the peace that reasonable efforts have been made to ascertain the ownership of the stock. There is nothing in the record tending to show that any effort had been made to ascertain who was the owner of the stock, or that he was unknown. It is unnecessary to determine whether this was a defect sufficient to invalidate the proceeding.

Affirmed.