[Lienkauff & Strauss et al. v. Tuscaloosa Sale & Advancing Co.]

# Lienkauff & Strauss *et al.* v. The Tuskaloosa Sale & Advancing Company.

*Summary Proceeding against Sheriff.*

1. *Motion docket; no part of a record.*—A motion docket is no part of a record proper of the Circuit Court, and proceedings shown by it can only become so by being enrolled as matter of record, or by bill of exceptions.

2. *Appeal dismissed.*—When a transcript in this court does not contain the judgment appealed from, and only discloses proceedings which were never entered on the records of the trial court, the appeal must be dismissed.

APPEAL from Circuit Court of Tuskaloosa.

Tried before Hon. S. H. SPROTT.

The proceedings in this case arose out of an attachment suit brought by the appellants, Lienkauff & Strauss and Katz & Barnett, against the appellee, The Tuskaloosa Sale & Advancing Company. The appeal in this case is prosecuted by the plaintiffs in the lower court, who assign as error the refusal of the court to render a summary judgment against the sheriff, for failing to make the money on the judgment recovered by them.

G. W. VAN HOOSE, for appellants.

FOSTER & OLIVER, *contra*.

HARALSON, J.—In the transcript filed in this cause, a judgment does not appear to have been rendered by the court on the motion for a rule against the sheriff and his sureties.

Everything in the transcript, having any relevancy to this proceeding, appears to have been entered on and taken from the motion docket of the court, which docket, as we have before now held, is not part of the record proper of the Circuit Court, and proceedings shown by it, can only become so, by being enrolled as a matter of record, or by bill of exceptions. *David v. David*, 66 Ala. 140 ; *James v. Moseley*, 47 Ala. 299 ; *Waring v. Gilbert*, 25 Ala. 295. There is no bill of exceptions in this case. We have, therefore, before us a transcript of

620    SUPREME COURT    [Nov. Term,

[Cornish et al. v. Suydam.]

proceedings in a matter, in which no judgment was rendered, and which proceedings were never entered, so far as we know, on the records of said Circuit Court. The appeal must, therefore, be dismissed.